## DONLON v. DAVIDSON.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN—ACTION ON CHECK.
   On the delivery of a check, the right to demand payment is complete, within Code Civ. Proc. § 410, providing that, where a demand is necessary to entitle a person to sue, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete. 39 N. Y. Supp. 394, affirmed.

2. SAME—REASONABLE TIME TO PRESENT CHECK.
   Presentation of a check 14 years after delivery to the payee is not within a reasonable time. 39 N. Y. Supp. 394, affirmed.

Appeal from trial term, Chautauqua county.

Action by Margaret Donlon, as executrix of the last will and testament of Bridget Fox, deceased, against John Davidson. From a judgment entered on a nonsuit and from an order denying a motion for a new trial made on the minutes (39 N. Y. Supp. 394), plaintiff appeals. Affirmed.

This action was commenced on the 14th day of June, 1895. Plaintiff's complaint alleges that on the 12th day of December, 1880, at the city of Jamestown, for value received, the defendant made and delivered to Bridget Fox an instrument in writing, in the following words and figures:

"No. ——. Jamestown, N. Y., Dec. 12, 1880.

"Chautauqua County National Bank: Pay to the order of Mrs. Fox, or bearer, fifty $ dollars on interest at six per cent., dollars, for value received.

"$50. [Signed] John Davidson."

That in January, 1895, the plaintiff, as executrix of said Fox, presented the instrument to the cashier of said bank, and demanded payment thereon, and the said bank refused to pay the same "because the said Davidson had no money in said bank to pay the same; and said plaintiff thereupon immediately notified said Davidson, personally, that payment of said instrument had been refused because said Davidson had no funds in said bank to pay the same." The complaint also alleges that, before the presentation of said check or instrument to said bank for payment, the will of Bridget Fox had been duly probated in the county "wherein said Bridget Fox died," and letters testamentary were duly issued to the plaintiff, "and that said check or instrument is one of the assets of said estate." The plaintiff demands judgment for $50, with interest from December 12, 1880. The answer admits the making and delivery of the check or instrument on the 12th day of December, 1880, and alleges "that the said check, and the consideration for which it was given, was thereafter fully paid and satisfied." The answer further alleges that the check "was never presented to the Chautauqua County National Bank, the place where made payable, and payment demanded by said Bridget Fox, during her lifetime, nor within fourteen years and upwards after the same was made and given, nor was any notice of such presentment and nonpayment ever given the defendant by said Bridget Fox or Margaret Donlon, or by any other person, prior to the time stated in said complaint." The answer further alleges "that no action or cause of action accrued to said Bridget Fox by reason of said check at any time within six years and upwards prior to her decease." It further alleges "that no action or cause of action has accrued to the said plaintiff by reason of the said check, or of the matters mentioned and set forth in said complaint, at any time within six years next prior to the commencement of this action." The issues were brought to trial at a trial term held in January, 1896. After a jury was called and sworn, the defendant moved for a dismissal of the complaint, and for judgment upon the pleadings upon the grounds "(1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that it appears from the complaint and answer that the cause of action claimed to be alleged in the complaint did not accrue within the six years last past, and is barred by the statute of limitations; (3) that it appears that there has not been due presentment of the check, and notice of dishonor." It was then admitted by the defendant "that the plaintiff in January, 1895, presented the check for payment to the Chautauqua County National Bank, on which it was drawn, and that the bank refused to pay the same because the defendant had no funds deposited in said bank, and that plaintiff immediately thereafter notified the defendant of the facts of presentment and nonpayment." The defendant admitted that the bank on which the check was drawn "has been solvent for the last thirty years." It was then admitted by the defendant and plaintiff "that the maker and payee of the check have lived in Jamestown, the place where said bank is located, ever since said check was drawn." Plaintiff then asked to go to the jury "upon the liability of the defendant upon the check. The court denied the request, to which ruling the plaintiff duly excepted." Thereupon the plaintiff asked the court "to direct a verdict for the plaintiff on the pleadings and evidence in the case, which the court denied, and to which ruling the plaintiff duly excepted. The court thereupon directed a judgment of nonsuit in favor of the defendant, to which direction the counsel for the plaintiff duly excepted." The case further states that "the plaintiff then made a motion for a new trial upon the minutes of the court, which said motion for a new trial was denied, with costs to defendant." No order appears in the appeal book. On the 21st day of March, 1896, a judgment was entered in favor of the defendant against the plaintiff "upon the issues in this case, dismissing the complaint upon the merits, and for the sum of $83.18 costs." The judgment recites that, the issues having been tried, a verdict was "rendered by direction of the court on the 7th day of January, 1896, for no cause of action, dismissing said plaintiff's complaint." And it further recites that a motion for a new trial on the judge's minutes was made and denied, with $10 costs. From that judgment the plaintiff appeals, and also from the "order herein denying motion for a new trial, made upon the minutes of the court." The opinion delivered by the trial judge in denying the motion is reported in 16 Misc. Rep. 316, 39 N. Y. Supp. 394.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Walter L. Sessions, for appellant.
Bootey, Fowler & Weeks, for respondent.

HARDIN, P. J. Plaintiff's complaint states a cause of action "upon a contract, obligation, or liability." The case, therefore, falls within the language of section 382 of the Code of Civil Procedure, providing a limitation of six years in which to bring an action. Section 410 of the Code of Civil Procedure provides as follows:

"Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time, within which the action must be commenced, must be computed from the time, when the right to make the demand is complete."

There are certain exceptions enumerated in the section, not material to mention here. It is apparent, from the facts disclosed, that the payee did not present the check to the bank within a reasonable time, and that, upon the facts disclosed, it was proper to hold, as matter of law, that the presentment was not made in a reasonable time. Bartlett v. Robinson, 39 N. Y. 187.

Inasmuch as this action was not brought until 14 years after the date of the instrument (nor was any demand made within about 14 years), we think the statute of limitations was properly held to be a defense to the action. Brust v. Barrett, 16 Hun, 409, affirmed 82 N. Y. 403; Knapp v. Greene (Sup.) 29 N. Y. Supp. 350; Wood v. Young, 141 N. Y. 211, 36 N. E. 193. We are therefore of the opinion that the plaintiff's cause of action was barred by the statute of limitations, as the action was brought some 14 years after the making of the instrument set out in the complaint, and the decision made at the trial term should be sustained.

Judgment and order affirmed, with costs. All concur.