## CITY OF BUFFALO v. STATE.

(Supreme Court, Appellate Division, Third Department. December 7, 1906.)

1. STATES—MUNICIPAL IMPROVEMENTS—ASSESSMENTS—LIMITATIONS.

Laws 1901, p. 1093, c. 407, conferring jurisdiction on the Court of Claims to "hear, audit and determine" the claim of a city for assessments levied on the property of the state for improvements, and providing that no judgment shall be rendered against the state unless the facts proved would create a liability against an individual, and, if the liability is established, the court shall award judgment "notwithstanding the lapse of time since the accruing of such claims," when construed in connection with Const. art. 7, § 6, providing that no person in behalf of the state shall audit, allow, or pay any claim which as between citizens of the state would be barred, requires the disallowance of so much of the claim as is barred by limitations, unless there was no tribunal whereby payment could have been procured.

2. SAME—ENFORCEMENT OF ASSESSMENTS—TRIBUNAL AUTHORIZED TO ALLOW CLAIM.

Rev. St. 1839 (1st Ed.) pt. 1, c. 9, tit. 5, art. 5, § 77, providing that assessments made on lands belonging to the state shall be audited by the Comptroller and paid out of the treasury, and Laws 1886, p. 710, c. 435, providing for notifying the Comptroller of assessments for local purposes, substantially re-enacted in Laws 1894, p. 572, c. 317, create a method for the consideration, determination, and payment of the claim of a city for assessments on state property for a local improvement, and the claim, unless presented in time, will be barred by limitations by virtue of Const. art. 7, § 6, prohibiting any person from auditing any claim which as between citizens of the state is barred by lapse of time.

Appeal from Court of Claims.

Action by the city of Buffalo against the state of New York. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

The claim made aggregates over $20,000, and is for local assessments and improvements levied from time to time since the year 1865 upon the property of the state situated within the city of Buffalo. This claim, except to the extent of $133.62 and interest amounting to $154.58, was disallowed on the ground that it was barred by the statute of limitations.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Louis E. Desbecker, Corp. Counsel, and Samuel F. Moran, for appellant.

Julius M. Mayer, Atty. Gen., and Willis H. Tennant, for the State.

COCHRANE, J. The Legislature by chapter 407, p. 1093, of the Laws of 1901, conferred jurisdiction on the Court of Claims "to hear, audit and determine" the claim in question. Such statute provided that no judgment should be rendered against the state "unless the facts proved shall make out a case against the state which would create a liability were the same established in evidence in a court of law or equity against an individual or corporation." It further provided that, in case liability was satisfactorily established, the court should award judgment for the claimant "notwithstanding the lapse of time since the accruing of such claims." This latter provision of the statute must be

construed with reference to article 7, § 6, of the state Constitution, which provides as follows:

"Neither the Legislature, canal board, nor any person or persons acting in behalf of the state shall audit, allow or pay any claim which as between citizens of the state would be barred by lapse of time."

That portion of the claim which was disallowed by the Court of Claims was barred by the lapse of time, and for that reason properly disallowed, unless, as the claimant contends, there was no tribunal whereby payment of the same could have been procured as it arose from time to time.

It was provided in the Revised Statutes of 1829 (1st Ed.) pt. 1, c. 9, tit. 5, art. 5, § 77, that:

"All assessments legally made upon lands belonging to the people of this state and all legal rents or charges thereon shall be audited by the Comptroller and paid out of the treasury."

Chapter 435, p. 710, of the Laws of 1886, contained provisions for notifying the Comptroller of assessments for local purposes. These provisions of the Revised Statutes and of the act of 1886 were repealed by the "Public Lands Law" (Laws 1894, p. 572, c. 317) and substantially re-enacted in section 20 thereof, which, among other things, declares:

"All assessments legally made on state lands and all legal rents or charges thereon shall be audited by the Comptroller and paid out of the treasury."

I think that by these statutory enactments a method existed for the legal consideration, determination, and payment of the appellant's claim as it arose from time to time. It is not necessary that we should be able to characterize the Comptroller as a tribunal in the ordinary sense of the term. He was clothed with judicial powers, and it was his duty to examine into the merits of the assessments made by the claimant, to determine whether such assessments had been legally made, and, if he reached the conclusion that they were lawful claims against the state, provision was made for their payment. In People ex rel. Crannis v. Roberts, 163 N. Y. 75, 57 N. E. 98, Chief Judge Parker reviews the legislation of the state on the subject of audits, and says that such legislation from the first session down to the present time has provided for the auditing of accounts by some state officer. In that case he had under consideration the power and duty of the Comptroller as expressed in the state finance law (Laws 1897, p. 338, c. 413, § 4), and concludes his discussion as follows:

"The auditing of an account by the Comptroller involves a judicial function. He is required in the language of the books 'to hear, to examine, to pass upon, to settle and adjust.'"

Analogous power is conferred on boards of supervisors, town boards, and other boards and officers representing the political subdivisions of the state. There are many claims which can only be enforced through the instrumentality of such boards or officers. They constitute tribunals to which the law has committed the settlement and adjustment of charges against the municipalities for which they severally act, and their determinations are the judgments of such tribunals. People ex rel. Myers v. Barnes, 114 N. Y. 323, 20 N. E. 609, 21 N. E.

739; Osterhoudt v. Rigney, 98 N. Y. 232. I think in the same sense the State Comptroller was clothed with judicial functions to determine and direct payment of the claim in question. His decisions thereon would have had the force of judgments rendered by a court. The People ex rel. American Surety Company v. Campbell, as Comptroller, 64 Hun, 419, 19 N. Y. Supp. 652. The claimant, having failed within the proper time to present its claim to the Comptroller, is barred by the Constitution from now enforcing the same.

The judgment should be affirmed, with costs. All concur, except PARKER, P. J., not voting.