FRANK F. FARRELL, as Administrator of the Estate of AGNES CASEY, Deceased, Respondent, *v.* CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, April 20, 1950.

*John P. McGrath, Corporation Counsel* (*Seymour B. Quel* and *Joseph J. Lucchi* of counsel), for appellant.

*Jules N. Bloch* for respondent.

PECORA, J. The essential facts are not in dispute. The action is brought on a check dated and issued on July 1, 1942, by defendant to one Agnes Casey, the plaintiff's intestate, in payment for services rendered by her as a school teacher. The check bore on its face the inscription, " not valid unless presented within 90 days ". It is not contradicted that such restriction " is a usual and accepted practice in the issuance of checks which is followed for the purpose of reducing the number of issued checks in circulation to a minimum, thus facilitating the duty of drawee banks in guarding against the cashing of lost checks, payment of which is stopped by the drawer ". (Affidavit of William J. Popper, chief of the paymaster division of the city department of finance, Record on Appeal, par. 8, p. 11.)

On April 21, 1943, Agnes Casey deposited the check in her bank; but it was returned to her unpaid because the bank on which it was drawn refused to make payment on account of its " stale " date. Nothing further was done thereafter by Agnes Casey to enforce payment of the check during her lifetime. She died on September 20, 1948. Thereafter this action was brought on the check by plaintiff, as administrator, etc. of Agnes Casey, deceased. The defendant pleads the six-year Statute of Limitations.

In the court below plaintiff moved to strike out defendant's answer and for summary judgment, which motion was granted and judgment entered in favor of plaintiff without opinion. Upon this appeal from the order and judgment thereupon entered, the question presented is whether the Statute of Limitations started to run, as claimed by defendant, on July 1, 1942, the date of the issuance and delivery of the check.

Under section 321 of the Negotiable Instruments Law, the check in suit is " a bill of exchange drawn on a bank payable on demand * * * ". Section 130 of the same statute provides that " presentment for payment is not necessary in order to charge the person primarily liable on the instrument " — in this case, the defendant. Very recently, in the case of *Dunning* v. *Dunning* (300 N. Y. 341, 344), the Court of Appeals called attention to, and applied, this statutory rule, saying: " So that our affirmance here will not be misunderstood, we point out that presentment for payment is not necessary to charge a person who, like defendant here, is primarily liable on the instrument (Nego-

tiable Instruments Law, §§ 3, 110, 130; *Locklin* v. *Moore*, 57 N. Y. 360, 362; *Baldwin's Bank* v. *Smith*, 215 N. Y. 76, 79).''

The statement on the face of the check, that it was not valid unless presented for payment within ninety days from its date, was merely a wise and reasonable precaution adopted by defendant for the purposes set forth in the aforesaid affidavit of Popper. The check, however, continued to be an instrument payable on demand, which means that the cause of action thereon accrued on July 1, 1942 — the conceded date of its issuance and delivery to plaintiff's intestate. Action on the check, under section 48 of the Civil Practice Act, consequently should have been commenced within six years from that date, or by July 1, 1948, which was over two months before the payee's death. This action, however, was not brought until July 28, 1949. Hence, it is clearly barred by the Statute of Limitations. By specific provision in subdivision 5 of section 20 of the General City Law, the city has no power to waive that defense.

The court below not only erred in granting plaintiff's motion for summary judgment and to strike out defendant's answer, but it should have awarded judgment instead in favor of the defendant. The latter course is expressly authorized by rule 113 of the Rules of Civil Practice, which provides that if, upon a motion for summary judgment, '' it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment, even in the absence of a cross-motion therefor.''

The judgment and order should be reversed, with $30 costs, and complaint dismissed, with costs.

HAMMER, J. (concurring). Although constrained to agree with the other members of the court, it should be pointed out that the Statute of Limitations is being used contrary to its purpose. When on August 8, 1948, the check in suit, dated July 1, 1942, was refused '' validation '' by the department of finance, fourteen other '' stale '' checks in the amount of $5,278.17 were approved as to date. In the circumstances, the city was not put in the position where it could not determine by reason of the obscuring effects of time whether the claim was a just one. As required by law, however, although acknowledging its indebtedness to Mrs. Casey for her services as a high school teacher, the city interposed the defense of this statute which was designed to suppress fraudulent claims.

EDER, J., concurs with PECORA, J.; HAMMER, J., concurs in memorandum.

Judgment and order reversed, etc.