Richard S. Heller, J.
All of these claims arose out of an automobile accident which occurred on July 7, 1954, on a State highway known as Route 79. Only one vehicle was involved in the accident and all of the claimants were passengers in that vehicle which was being driven by Marjorie Janette Coish, the above-named decedent. In claim No. 35926, recovery is sought for the wrongful death of the said decedent. In claim No. 35927, recovery is sought by Harry Coish for personal injuries. In claims Nos. 35928, 35929 and 35930, recovery is sought for medical expenses incurred by Harry Coish for each of his children and for loss of services of each of said children. In claims Nos. 35931, 35932 and 35933, recovery is sought by each of the infants for personal injuries.
Each of the claims was filed on September 9, 1958, pursuant to chapter 246 of the Laws of New York for 1958 which became a law on March 18, 1958. Section 1 of the statute provides: ‘ ‘ Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claims of Harry Coish, individually and as administrator of the Estate of Marjorie Coish, deceased, and as guardian ad litem of Patricia Coish, Frank Coish and Harry Coish, Jr., infants * * * against the *119 State of New York, for personal injuries aEeged to have been sustained by Harry Coish, Patricia Coish, Frank Coish and Harry Coish, Jr., and for the aEeged wrongful death of Marjorie Janette Coish * * * and for damages aEeged to have been sustained by Harry Coish for loss of services and medical expenses of the said infants, on New York state route 79, in the town of Fenton, county of Broome, on the seventh day of July, nineteen hundred fifty-four, due to the aEeged negligence of the state, its officers, agents or employees, in the management, operation, maintenance and control of said New York state route 79 in the town of Fenton, county of Broome.”
Section 2 of the statute permits this court to make awards and render judgment in the event that it should find that the claimant sustained injuries and damages, and that such injuries and damages were caused by the negligence of the State, its officers, agents, servants or employees and without contributory negEgence on the part of the claimants which damages shaE constitute a vaEd and legal claim against the State. -
Section 3 of the statute is a consent by the State to have its liability determined 44 notwithstanding any failure of the claimants to file such claims or notices of intention to file such claims, or to do any other act in relation to such claims, within the time or in the manner or form as prescribed therefore by statute, provided such claims are filed with the court of claims within six months after this act takes effect. ’ ’
Section 4 of the statute provides that nothing in the statute shaE be construed as passing upon the merits of the claims and that no award shall be made or judgment rendered unless the claims are estabEshed by legal evidence required in an action in a court of law or equity.
At the outset of the trial the State moved to dismiss each of the claims on the ground that they were not instituted within the statutory time Emit and that filing pursuant to chapter 246 of the Laws of 1958 was ineffective since this statute contravenes section 19 of article HI of the Constitution of the State of New York. Decision was reserved on this motion and at the conclusion of the trial, the State renewed this motion and also moved to dismiss on the ground that claimants failed to estabEsh the negEgence of the State, failed to estabEsh freedom from contributory negEgence except in claim No. 35926 seeking-recovery for wrongful death and that claimants failed to estabEsh the proximate cause of the accident. Decision was reserved on aE motions.
Section 19 of article III of the Constitution provides in part 44 No p.1 aim against the state shall be audited, allowed or paid *120 which, as between citizens of the state, would be barred by lapse of time.” The meaning of this provision of the Constitution was determined by the Court of Appeals in Oswego & Syracuse R. R. Co. v. State of New York (226 N. Y. 351) where the court wrote (p. 361):
11 It may mean that, viewing the state as a citizen, we must, none the less, continue to apply the special rules of limitation that govern suits against the state. In that view, a claim once barred can never be revived. It may mean that viewing the State as a citizen, we are to apply the rules of limitation that govern citizens generally when suing one another. In that view, a claim once barred may be revived when the claimant has been denied the same opportunity to enforce his rights against the state that citizen has against citizen in dealings between man and man.
* * *
“We think the second of the two constructions must be accepted as the sounder, and that for several reasons. It accords more nearly than the other with the meaning suggested by the words of the Constitution when we read them naturally and simply. (People v. Rathbone, 145 N. Y. 434, 439.) It prohibits the legislature from subjecting the state to a less favorable limitation than the citizen, but leaves untouched the power to make the limitations equal. It supplies a maximum allowance of time that will govern audit and payment in default of any statute, for it imposes upon those who audit and pay the duty to keep within the rules of limitation that are applicable between citizens. (City of Buffalo v. State of New York, 116 App. Div. 539; 191 N. Y. 534; People ex rel. Essex County v. Miller, 181 N. Y. 439; Matter of Hoople, 179 N. Y. 308.) On the other hand, it sets no barrier to recognition or even revival until the maximum has been attained. ’ ’
Applying this rule to these claims, the result depends upon the Statute of Limitations applicable to each claim were it a Maim between citizens of the State and whether during that applicable period the claimant had a legal right and a tribunal available to enforce the right. Claim No. 35926 seeks recovery for wrongful death and such an action is provided for in section 130 of the Decedent Estate Law. Under that statutory provision such an action, as between citizens of the State, must be instituted within two years of the date of death.
Under section 10 of the Court of Claims Act, subdivision 2 thereof requires that for such an action a claim must be filed within 90 days after the appointment of the executor or administrator unless the claimant files a notice of intention within *121 such 90-day period in which event the claim may be filed within two years from the death of the decedent. In any event, such a claim must be filed within two years after the death of the decedent. Paragraph 5 of section 10 provides that where a claim or notice of intention has not been filed within the 90-day period, then on a proper showing the court may, in its discretion, permit the filing of. a late claim within two years after the decedent’s death.
The effect of section 10 of the Court of Claims Act is to establish that a claimant in a wrongful death action has available a tribunal for the enforcement of the claimant’s right for a two-year period. This is the same period of time applicable to such an action as between citizens of the State.
It therefore follows that the enabling act, in providing for an additional six months in which to file a claim to recover for the wrongful death after the claimant has already had available to it a tribunal for the enforcement of the right for a period of two years, contravenes the constitutional limitation contained in section 19 of article III of the Constitution. The effect of the enabling act is to provide a period of two years and six months in which this action to recover for wrongful death could have been filed against the State whereas such an action as between citizens of the State must be filed within two years of the date of death.
The claimant urges and the court is mindful that an act of the Legislature should be found unconstitutional only if there is no possible method of upholding constitutionality. This enabling act by the Legislature can only be upheld by finding that section 10 of the Court of Claims Act imposes a 90-dav Statute of Limitations on all tort claims against the State. This, in fact, is not the effect of section 10 of the Court of Claims Act since it provides a tribunal for the enforcement of a legal right for a full two-year period from the accrual of the tort action. This court may not change the clear and manifest meaning of section 10 of the Court of Claims Act in order to uphold the constitutionality of this enabling act insofar as it relates to the action for wrongful death.
Claimants also urge that the enabling act should be regarded as relating back to the original filing of the claim for wrongful death which occurred within two years of the death of the decedent but four months after the appointment of the administrator. The enabling act itself requires filing of the wrongful death claim within six months of the effective date of the act which was March 18,1958, In Cooper-Snell Co. v. State of New York (230 N. Y. 249) it was held that such a provision of an *122 enabling act required a refiling and the enabling act did not relate back to an original filing which was defective and insufficient to confer jurisdiction upon the Court of Claims.
As to claim No. 35926, the State’s motion for dismissal must be granted and that claim is hereby dismissed.
As to all the other claims, however, the applicable Statute of Limitations as between citizens of the State is contained in section 49 of the Civil Practice Act and the permissible period is three years. The limitation of time contained in section 10 of the Court of Claims Act requires filing of the claim or a notice of intention to file within 90 days of the accrual of the cause of action and if the notice of intention is filed then the claimant has two years from the date of accrual of the action to file the claim. Under paragraph 5 of section 10 if the claimant fails to file a claim or a notice of intention to file a claim within the 90-day period, the claimant may nevertheless, in the discretion of the court on motion made within two years of the date of the accrual of the action, be granted permission to file a late claim in the discretion of the court. Thus on claims 35927 through 35933, the claimants had two years from the date of the accrual of the action in which there was an available tribunal for the enforcement of their rights. The effect of the enabling act is to extend this period of time from two years to two years and six months. The available time for the filing of such actions as these between citizens of the State is three years and the enabling act therefore does not contravene the constitutional restriction and as to these claims the motion of the State to dismiss for failure to file claims within the statutory and constitutional limits must be denied.
On the day of the accident Marjorie J. Ooish was driving a 1940 Chevrolet automobile owned by her husband, Harry Coish, in a westerly direction on Route No. 79 in the Town of Fenton, Broome County, New York. As the car rounded a left curve near the North Fenton Cemetery it skidded out of control on the wet, slippery pavement and struck a cluster of three trees on the south shoulder of the road.
Marjorie J. Coish was instantly killed as a result of the collision. Her husband, Harry Coish, who was riding in the front seat, was injured as were Patricia Coish, Frank Coish and Harry Coish, Jr., passengers in the rear. Patricia and Frank were lying on the floor, Harry, Jr., was standing on the seat.
It is conceded by the State that in 1952 the District Safety Engineer had recommended that the curve in question be signed at 35 m. p. h. as a safe speed. The speed limit on this road was 50 m. p. h. yet there was no warning of a curve and no reetim *123 mended speed warning. There is sufficient evidence to indicate that the State had notice that this curve was unusually slippery but no sign was placed to warn the traveler. There is evidence that the road was not only slippery but was rough on the curve, which merely points to the lack of proper care and maintenance under all of the circumstances.
It is the opinion of the court that the sole proximate cause of this accident was the negligence of the State of New York in the failure to adequately sign a known dangerous condition and to use ordinary care in the maintenance of the highway.
None of the claimants were guilty of contributory negligence.
In claim No. 35927, Harry Coish seeks to recover for his personal injuries which consisted of a cerebral concussion, lacerations of the face and scalp and abrasions of the leg. Claimant was hospitalized for three days and had hospital and medical bills in the sum of $159. Claimant was unconscious from the time of the accident until after his arrival at the hospital. He suffered pain and still suffers from headaches. As a result of the accident, claimant is entitled to an award against the State in the amount of $3,159 for all damages, past, present and future.
In claim No. 35931, Patricia Coish, an infant claimant, seeks damages for personal injuries suffered by the infant in this accident. At the time of the accident Patricia was about two and one-half years of age. Her injuries consisted of minor abrasions and shallow lacerations of the face and upper and lower extremities. She was hospitalized for two days and given various preventative injections and medicines. She suffered pain at the time but there are no residual injuries. Claimant is entitled to an award in the sum of $400 for all damages, past, present and future.
In claim No. 35928, Harry Coish, as the father of Patricia Coish, seeks redress for medical bills paid by him on behalf of Patricia Coish and for loss of services. Hospital and doctor bills amount to $39. No award is made for loss of services. Claimant is entitled to an award in the sum of $39.
In claim No. 35932, Frank Coish, an infant claimant, seeks damages for injuries suffered by the infant, aged 3 years 11 months at the time of the accident. The infant spent two days in the hospital for observation. His injuries consisted of minor abrasions and contusions and the only treatment was for cleaning the wounds. There are no residual injuries. Claimant is entitled to an award of $250 for all injuries, past, present and future.
*124 In claim No. 35929, Harry Coish, father of Frank Coish, seeks damages for medical bills and for loss of services. Claimant is entitled to an award of $37 for hospital and doctor bills. No award is made for loss of services.
In claim No. 35933, Harry Coish, Jr., an infant claimant, seeks damages suffered by the infant, aged 5 years and 9 months at the time of the accident. The infant received a cerebral concussion, severe lacerations of the scalp, avulsion of the right cheek, laceration of the lobe of the right ear and was in peripheral vascular shock. Harry, Jr., was received at the hospital in serious condition and remained under its care for 11 days. His cuts were sutured and he was given other medical treatment. Harry, Jr., has made a good physical recovery but the scars are permanent. On July 7, 1954, an emergency operation was performed for the scars by a plastic surgeon. On January 23, 1958 he was operated on by a surgeon using plastic surgery techniques and was hospitalized from J anuary 22 to J anuary 27, 1958 for this operation. There is evidence that future operations will be necessary and that the estimated cost of this treatment would be between $1,260 and $2,100. Claimant is entitled to an award of $6,000 for all damages suffered by the infant Harry Coish, Jr., past, present and future.
In claim No. 35930, Harry Coish, father of Harry C'oish, Jr., seeks damages for medical and hospital bills incurred in the treatment of the infant and for loss of services. Claimant is entitled to an award for doctor and hospital bills in the sum of $1,166.65. Under the ruling of Dollard v. Roberts (130 N. Y. 269) the possibility of an award for loss of services was considered by the court. No award is made since there is a lack of proof coupled with the fact that the child did not live with the father after the accident.
The claims have not been assigned.
The findings of fact and conclusions of law submitted by the claimants and by the State have been marked and signed and are part of this decision.
Disposition of the claims are as follows:
Claim No. 35926, Harry Coish, as administrator of the goods, chattels and credits which were of Marjorie Janette Coish, deceased, claimant, against the State of New York, is dismissed.
Claim No. 35927, Harry Coish, claimant, against the State of New York, claimant is entitled to a judgment in the amount of $3,159.
Claim No. 35928, Harry Coish, claimant, against the State of New York, claimant is entitled to a judgment in the amount of $39.
*125 Claim No. 35929, Harry Coish, claimant, against the State of New York, claimant is entitled to a judgment in the amount of $37.
Claim No. 35930, Harry Coish, claimant, against the State of New York, claimant is entitled to a judgment in the amount of $1,166.65.
.Claim No. 35931, Patricia Coish, an infant under the age of 14 years, by Harry Coish, her guardian ad litem, claimant, against the State of New York, claimant is entitled to a judgment in the amount of $400.
Claim No. 35932, Frank Coish, an infant under the age of 14 years, by Harry Coish, his guardian ad litem, against the State of New York, claimant is entitled to a judgment in the amount of $250. ’
Claim No. 35933, Harry Coish, Jr., an infant under the age of 14 years, by Harry Coish, his guardian ad litem, claimant, against the State of New York, claimant is entitled to a judgment in the amount of $6,000.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. Let judgment be entered accordingly.