J. .Seward Bodine, J.
This claim was originally tried before Hon. Charles T. Major at Albany, New York, .on June 5, 1962, and had not been decided by him at the time of his death. It has been assigned to this court for decision, and the court has marked and initialed the findings of fact and conclusions of law submitted by the claimant which will signify.
Chapter 537 of the Laws of 1961 is a special act of the Legislature conferring jurisdiction upon this court to hear, audit and determine the claim of Homer Engineering Company, Inc., against the State of New York to recover the sum of $6,053.69. The claim was filed June 6, 1961. The facts are not disputed. The claimant had a contract with the Department of Mental Hygiene for the performance of heating work at Middletown State Homeopathic Hospital; claimant completed his work and said work was accepted September 21, 1954. The adjusted contract price due to additions and deductions was in the amount of $6,053.69. The State of New York on September 21, 1954, issued its check in .the amount of $6,053.69 to claimant; the check was never deposited by claimant and six years had elapsed before claimant discovered the check had not been deposited. Claimant is still the holder of said check, no part of which has ever been paid by the State of New York.
Section 102 of the State Finance Law provides that after three years from the date of the issuance of the check if not presented for payment the amount shall be paid into the Treasury of the State to the credit of the General Fund, and *263 the Comptroller shall keep a record .of said check for a period of six years from the date thereof. Homer Engineering Company, Inc., failed to present the check within the six-year period, and it is for this reason .that the enabling act was passed.
The State contends that the enabling act is unconstitutional according to section 19 of article III of the State Constitution, which states, in part: “No claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time.” The Statute of Limitations as between individuals in this type of action is six years (Civ. Prac. Act, § 48). The State also cites Coish v. State of New York (23 Misc 2d 117) where the Court of Claims held an enabling act unconstitutional that extended the period of limitation for filing a claim in a wrongful death action. However, this is distinguished from the present case as it is not a claim where the liability against the State has to be established.
Claimants rely upon Matter of Dee v. State Tax Comm. (257 App. Div. 531 [3d Dept.]), quoting, in part, “ The Legislature also has power .to extend .the period of an existing Statute of Limitations, and lengthen the time in which suit may be brought in regard to contracts and causes of action already existing. (17 R. C. L. 672, 673.) ” Claimant’s case is one in contract or a cause already existing and not one such as .the wrongful death action where liability must be established. The Dee case involved the State retaining a sum of money which it was not entitled to; however, the State pleaded the Statute of Limitations as a defense. The court said (p. 535):
‘‘ Although the defense of the Statute of Limitations is a legitimate one, it seems to us that there is an element of dishonor involved in its assertion in the case before us. We appreciate the fact that long dormant claims have often more of cruelty than of justice in them and in such cases the defense of the Statute of Limitations is not only proper but meritorious.
“ The application of simple rules of common honesty and fair dealing between the State and one of its citizens forbids us to aid the former in retaining money which clearly is the property of the latter. To give judicial sanction to such a result stuns the moral sense and offends the dictates of natural justice.” The Dee case was affirmed by the Court of Appeals (282 N. Y. 617).
‘ ‘ Preliminarily, therefore, in the case of every enactment sanctioning the allowance of a private claim, there arises a question of legislative power which must be determined by the courts. It must appear .to the judicial mind and conscience that the particular claim belongs to a class concerning which the Legis *264 lature, in the exercise of a wide discretion, might reasonably say that they are founded in equity and justice and involve a moral obligation on the part of the State which it should satisfy. Otherwise, the enactment is an unconstitutional exercise of legislative power.” (Farrington v. State of New York, 248 N. Y. 112, 115.) The court goes on to state that enactments allowing private claims have been held constitutional where benefits have been conferred by private persons upon the State which the State has continued to enjoy without the return of a quid quo pro.
It would appear that the intent of the constitutional provision is not to defeat a claim for reimbursement of an outstanding check merely because it was misplaced or forgotten for more than six years. Further, the intent of the Constitution was not to unjustly enrich the State. Claimant should have judgment in the amount of $6,053.69, without interest.