Soileppi,-J.
 

 Under the authority of subdivision 4 of section 588 of the Civil Practice Act, the State has appealed directly to this court from a judgment of the Court of Claims awarding claimant, Homer Engineering Company, Inc., the sum of $6,053.69.
 

 
 *510
 
 The facts are undisputed. Claimant performed certain work at the Middletown State Homeopathic Hospital pursuant to a contract with the Department of Mental Hygiene. On September 21, 1954, after the work was completed and accepted, payment was made by a check in the amount of $6,053.69 issued by the Department of Taxation and Finance. Thereafter, the check was mislaid by claimant. More than six years passed before claimant discovered the check and realized that it had never been deposited. Although claimant was still the holder of this unpaid State check, because of the lapse of time since its issuance section 102 of the State Finance Law prohibited the Comptroller from honoring it. As a consequence of these developments, the Legislature, on April 12, 1961, by an Enabling Act (L. 1961, ch. 537), conferred jurisdiction on the Court of Claims ‘ ‘ to hear, audit and determine the claim of the Homer Engineering Company ”, notwithstanding that said claim may have been barred by the lapse of time.
 

 The question presented on the instant appeal is whether this Enabling Act contravenes section 19 of article III of the New York State Constitution, which provides in pertinent part: “No claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time.”
 

 The Court of Claims, relying on
 
 Matter of Dee
 
 v.
 
 State Tax Comm.
 
 (257 App. Div. 531, affd. 282 N. Y. 617), upheld the validity of the Enabling Act, reasoning that the afore-mentioned constitutional provision was not intended to defeat a valid liquidated claim for moneys concededly owed to a claimant and thereby operate to unjustly enrich the State.
 

 Although to deny recovery may seem harsh or unfair, well-established authorities compel that result.
 

 This court, construing the constitutional provision involved in the present case, in
 
 Oswego & Syracuse R. R. Co.
 
 v.
 
 State of New York
 
 (226 N. Y. 351), stated (pp. 361-362): “It prohibits the legislature from subjecting the state to a less favorable limitation than the citizen * * *. It supplies [as] a maximum allowance of time * * * the rules of limitation that are applicable between citizens ”. The Statute of Limitations, of course, does not commence to run until the accrual of a legal right to relief (Civ. Prac. Act, § 11), nor will it run or continue
 
 *511
 
 to run unless there exists a tribunal of competent jurisdiction to enforce the right
 
 (Oswego & Syracuse R. R. Co.
 
 v.
 
 State of New York, supra,
 
 p. 360).
 

 Were the instant claim the basis of an action between citizens, it would be viewed as one to recover on an ordinary check, and thus the six-year Statute of Limitations would be applicable (Civ. Prac. Act, § 48, subd. 1;
 
 Erickson
 
 v.
 
 Macy,
 
 231 N. Y. 86;
 
 Farrell
 
 v.
 
 City of New York,
 
 197 Misc. 1059). In the case at bar more than six years had elapsed between the time claimant made any attempt to seek relief and the
 
 accrual
 
 of the claim in 1954, when the check involved was issued
 
 (Donlon
 
 v.
 
 Davidson,
 
 7 App. Div. 461;
 
 Farrell
 
 v.
 
 City of New York, supra).
 
 During this period there was available a tribunal to enforce the claim. Claimant could have procured from the Commissioner of Taxation and Finance and the Comptroller a duplicate check in lieu of the one mislaid (State Finance Law, § 101;
 
 City of Buffalo
 
 v.
 
 State of New York,
 
 116 App. Div. 539, affd. 191 N. Y. 534).
 

 It is apparent that under the circumstances here present the Enabling Act is violative of the State Constitution and thus void.
 

 The Court of Claims’ reliance on
 
 Matter of Dee
 
 v.
 
 State Tax Comm.
 
 (257 App. Div. 531, affd. 282 N. Y. 617,
 
 supra)
 
 was misplaced. That case involved the settlement of a decedent’s estate. A sum of money was deposited which was estimated to be sufficient to cover the transfer or inheritance tax. After the tax was fixed by an order of the Surrogate’s Court, the executrix sought a refund of that part of the deposit which was in excess of the actual tax. It was contended that this claim was barred by the Statute of Limitations, inasmuch as more than six years had elapsed from the time of the deposit. There was no enabling act involved. The court, however, held that the lapse of time was not a bar, since the Statute of Limitations did not commence to run until the right to a refund
 
 accrued
 
 when the court order fixing the tax was made.
 

 The judgment appealed from should be reversed and the claim dismissed, without costs.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
 

 Judgment reversed, etc.