Edward S. Conway, J.
This is an action by the State of New York for declaratory judgment which seeks an order requiring defendant to undertake the defense of a claim under a contract of insurance issued to plaintiff by defendant, and further requiring the defendant to pay all sums which plaintiff may become obligated to pay as damages under the insurance contract.
The facts are not in dispute. The defendant issued an owners’, landlords’ and tenants’ liability policy on June 8, 1966 with plaintiff as the named insured. The policy insured property owned by plaintiff, which property is commonly known as the “ South Mall ”.
On January 9, 1967, one Dewey Brashear allegedly fell on property owned by plaintiff and insured under the aforesaid policy. On April 6,1967, Mr. Brashear filed a notice of intention with the Clerk of the court pursuant to subdivision 3 of section 10 of the Court of Claims Act. Brashear, however, failed to file a claim within, two years, as he was required to do by statute.
The State Legislature, subsequently at its 1969 session, adopted Assembly Bill No. A6943 which was signed into law on May 26, 1969. This bill, chapter 1120 of the Laws of 1969, authorized Dewey Brashear to bring an action notwithstanding his failure to file a claim within two years pursuant to statute (Court of Claims Act, § 10, subd. 3).
Dewey Brashear filed a claim against the plaintiff pursuant to chapter 1120 of the Laws of 1969 on November 22, 1969. The plaintiff notified the defendant Aetna Casualty and Surety Company that the claim was served and requested that Aetna Casualty and Surety Company defend the State in accordance with the afore-mentioned insurance policy. Defendant refused to *457 defend the claim on the ground that the passage of the enabling act, chapter 1120 of the Laws of 1969, was a voluntary act on the part of the plaintiff which directly breached Condition No. 8 in the insurance contract.
The question decisive of this action is whether the adoption of the special act (L. 1969, ch. 1120) constituted a violation of the policy.
Brashear’s right of action under subdivision 3 of section 10 of the Court of Claims Act was purely statutory and did not exist at common law. The statute affords a right of recovery against the State which is subject to limitations. Accordingly, proof of the filing of the claim within the two-year statutory period goes to the very existence of the action. Until such filing of the claim, no right of action exists. It is a condition precedent to the right itself and no judgment could be granted under sub- . division 3 of section 10 of the Court of Claims Act if such condition is not met.
The State Legislature, by the adoption of chapter 1120 of the Laws of 1969, created a cause of action in Brashear which was theretofore nonexistent and the State thereby assumed at least a potential liability to Brashear which before the enabling act had not been chargeable against it. (See State of Connecticut v. Aetna Cas. & Sur. Co., 138 Conn. 363.) The State, therefore, flatly violated the policy provision that it would not “ assume any obligation ”. (Condition No. 8 of the policy.)
Therefore, the defendant’s disclaimer of coverage is held to be proper, and action by the State of New York for a declaratory judgment is dismissed.