### (February 14, 1974)

■ STATE OF NEW YORK, Appellant, v. AETNA CASUALTY AND SURETY COMPANY, Respondent.— Appeal from an order and judgment of the Supreme Court, entered December 13, 1972 and February 7, 1973, respectively, in Albany County, which granted defendant's motion to dismiss the action on the merits and declared defendant's disclaimer of coverage proper. The facts are not in dispute and come to us as an agreed statement pursuant to stipulation. Defendant, Aetna Casualty and Surety Company, had issued a policy of owners, landlords and tenants insurance to plaintiff, State of New York, and others for property commonly referred to as the "South Mall" and said policy was in effect when, on January 9, 1967, one Dewey Brashear allegedly fell on this property and sustained a fractured hip and other serious personal injuries. Brashear filed his notice of intention to file a claim with the Clerk of the Court of Claims on April 6, 1967, but thereafter neglected to file within two years of the alleged occurrence his formal claim as required by statute (Court of Claims Act, § 10, subd. 3). By means of enabling legislation, however, passed by the Legislature and signed into law by the Governor as chapter 1120 of the Laws of 1969, the State consented to have its liability for the alleged negligence determined by the Court of Claims, notwithstanding Brashear's failure to timely file his claim. Pursuant to this legislation, Brashear filed his claim and the State thereupon requested that it be defended by Aetna in accordance with the afore-mentioned policy of insurance. Aetna refused, however, citing the enabling statute as a direct and voluntary breach by the State of condition No. 8 of the policy by which the State agreed not to assume any obligation or incur any expense other than for immediate medical relief required at the time of an accident. Seeking an order requiring Aetna to undertake the defense of Brashear's claim, the State commenced this action for a declaratory judgment. The trial court, however, adopted the defendant's reasoning and dismissed the action. It is this result which is challenged here. While the principal issue argued on this appeal is whether the State, by enactment of the enabling statute, has breached the assistance and co-operation clause of its insurance contract, that question is not dispositive of this case. For the defendant to prevail here, it must establish not merely a breach, but a breach that is substantial and material (*Schoenfeld* v. *New Jersey Fid. & Plate Glass Ins. Co.*, 203 App. Div. 796), and a technical or inconsequential lack of co-operation will not suffice (31 N. Y. Jur., Insurance, § 1339). On this record we find that, if indeed there is any breach by the State, it is clearly inconsequential. That such is the case becomes evident upon the reading of *Barski* v. *State of New Yor*

(43 A D 2d 767), wherein the facts are remarkably similar to the circumstances here and this court affirmed an order of the Court of Claims granting a claimant's motion to treat his notice of intention to file a claim as a claim. There, as here, the notice of intention set forth all items required in a formal claim pursuant to section 11 of the Court of Claims Act, with the sole exception of the damages sought, a figure which (p. 768) "often bears little relationship to the actual damages incurred." Such being the case, the court concluded that the State had received the requisite notice of damages or injuries and the surrounding circumstances and had not been deceived, misled or prejudiced. There had been substantial compliance with the statute and claimant was entitled to his day in court (see, also, *Seward* v. *State of New York*, 43 A D 2d 766). Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered in favor of plaintiff, declaring defendant's disclaimer invalid and directing defendant to provide a defense according to the terms of its policy. Greenblott, Sweeney and Main, JJ., concur; Herlihy, P. J., and Staley, Jr., J., concur in the result in the following memorandum by Staley, Jr., J. Staley, Jr., J. (concurring): We concur in the result solely on the ground that the enabling legislation authorized the filing of the claim and, by complying with the terms of this act, the claim was timely filed and did not establish a breach of the co-operation clause of the policy. [72 Misc 2d 455.]