■ 59-304 Realty Co., Respondent, v State of New York et al., Appellants. (Claim No. 53682.)—Appeal from so much of an order of the Court of Claims, entered July 19, 1974, which granted claimant's motion to amend its claim. The claimant, a partnership, filed a notice of intention to file its claim on July 2, 1969. The claimant filed its claim on April 7, 1971. The claimant alleges that his property, a private swim club, was damaged as a consequence of the negligent design and construction by the State of State Highway 9006 adjacent to its property, and that on or about the 19th day of April, 1969, due to the improper design and construction of the bank and drainage channel, the soil upon the embankment of said highway filled the drainage ditch and caused surface water to overflow upon claimant's property precipitating large amounts of silt, dirt and other debris on claimant's property. The claimant demands judgment for $150,000 damage with interest from April 19, 1969. On July 18, 1974 the Court of Claims granted claimant's motion to amend the claim by adding paragraph 6 to the Nineteenth paragraph entitled "The particulars of claimant's damages" which reads as follows: "6. Material and labor necessarily required to remedy the condition caused by the discharge of water, silt, mud and other debris upon claimant's property in the year of 1968, $23,600.00." The claim and the amended claim allege that, on or about the 19th day of April, 1969, the claimant's property was flooded by surface water which deposited silt, dirt and debris on claimant's property. It is obvious that an alleged obstruction to the drainage ditch on the State's highway in April, 1969 did not cause damage to claimant's property in 1968. Under the guise of an amendment to the amount of damages, the court has activated a claim

which arose in 1968 without requiring the claimant to satisfy the condition imposed by subdivision 5 of section 10 of the Court of Claims Act. If the claimant had filed its claim as amended on July 2, 1969, the date it filed its notice of intention to file its claim, it could not recover for damages alleged to have been sustained six to twelve months earlier. In case of a continuous or recurring trespass, the claimant cannot recover damages sustained more than 90 days before filing the claim or notice of intention to file a claim (*Dufel v State of New York,* 198 App Div 97; *Petzold v State of New York,* 202 Misc 255; *Simpson v State of New York,* 130 NYS2d 804). To assert the claim for damages in 1968, the claimant would have to obtain permission to file a late claim in full compliance with subdivision 5 of section 10 of the Court of Claims Act *(Turner v State of New York,* 40 AD2d 923). Section 10 of the Court of Claims Act creates a condition precedent to the jurisdiction of the Court of Claims and a claimant must clearly satisfy all the requirements thereof *(Bommarito v State of New York,* 35 AD2d 458). The order, insofar as appealed from, must be reversed. Order reversed, on the law and the facts, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.