Frank S. Rossetti, J.
In each of the above-entitled claims, the State has moved for an order of dismissal on the sole ground of untimely filing. Since said motions were heard jointly and the determinative issues are common to each application, this opinion is dispositive of all seven motions.
The subject claims arise from a mass arrest of the respective claimants on August 14, 1974. On the following day, after all claimants were formally booked, the criminal charges were dismissed and each claimant was thereupon released from custody.[1] Identical notices of intention were filed in behalf of each claimant, the latest being November 6, 1974, and similarly identical claims (except as to damages) were thereafter filed August 10, 1976. The allegations of each claim generally spell out causes of action for false imprisonment, malicious prosecution and negligence.
In urging dismissal of those causes of action sounding in false imprisonment and malicious prosecution,[2] the legal argument advanced by defendant’s counsel revolves around the comparable time limitations pertaining to claims against the State of New York and identical actions between private citizens. Specifically, the defendant argues that if the aforesaid actions were between citizens, a one-year Statute of *1037 Limitations would be applicable therefor (CPLR 215, subd 3), and since the claims here were filed beyond said statutory period they are time-barred. In support thereof, defendant’s counsel cites section 19 of article III of the New York State Constitution and subdivision 2 of section 12 of the Court of Claims Act. Insofar as relevant, the language in both sections is substantially similar and provides that no claim against the State shall be allowed, nor will any judgment be awarded on any claim which "as between citizens of the state, would be barred by lapse of time.”
The question thus presented is whether claims against the State of New York admittedly filed within the time requirements governing such claims (Court of Claims Act, § 10, subd 3) are time-barred because of the constitutional and statutory proscriptions cited above.
At the outset, the court notes that its own research and that of counsel (both of whom submitted helpful memoranda) failed to uncover any authority directly in point. Apparently the application of the said constitutional and statutory prohibition to the ordinary filing requirements of this court is a case of first impression. Although similar claims similarly filed have been found timely, it would appear that the instant constitutional issue was not raised or discussed. (See, e.g., Marsala v State of New York, 41 AD2d 878.)
The State’s attorney phrases his argument in terms of reading subdivision 3 of section 10 of the Court of Claims Act together with subdivision 2 of section 12 thereof, to the end that subdivision 3 not be deemed unconstitutional. However, we believe the practical effect of defendant’s position, if correct, is that the two subject subdivisions are inconsistent and, moreover, said subdivision 3 is unconstitutional vis-a-vis section 19 of article III of the Constitution.[3] The burden is thus on defendant to demonstrate such unconstitutionality beyond a reasonable doubt (see Wiggins v Town of Somers, 4 NY2d 215, 218) and the claimants at bar are aided by the presumption of statutory constitutionality. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) This presumption is strengthened by the fact the constitutionality and validity of said subdivision 3 has never been challenged on the instant *1038 grounds. (See id., § 150, p 318.) Further, the general rules of statutory construction require that all parts of a statutory enactment be harmonized, if at all possible (see id., § 98), and that particular provisions be construed to avoid hardship or injustice, and unconstitutionality. (See id., §§ 146, 150, subd c.) In this regard it is well settled that if any state of facts, either known or which could reasonably be assumed, justify the provision, it must be upheld. (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541; United States v Carolene Prods. Co., 304 US 144, 154.) Finally, a court of first instance, such as the Court of Claims, should be extremely circumspect in striking down legislative enactments for unconstitutionality and should do so only when the unconstitutionality is patent (see id., § 150, subd a, p 312) and only as a last resort (see Wiggins v Town of Somers, supra; Defiance Milk Prods. v Du Mond, supra).
With these considerations in mind, we believe a reasonable interpretation of the relevant constitutional and statutory provisions, and their purposes, does not require us to find this court’s filing requirements unconstitutional.
The purpose of the cited constitutional prohibition is to fix a maximum, an outside limit, on the time in which claims against the State may be brought. (See Homer Eng. Co. v State of New York, 12 NY2d 508, 510; Oswego & Syracuse R. R. Co. v State of New York, 226 NY 351, 361.) Through the Legislature, the State may set time limitations on claims against it which are shorter than the normal Statute of Limitations (see Oswego & Syracuse R. R. Co. v State of New York, supra, pp 361, 362), but the prohibition alluded to here prevents the State from subjecting itself to less favorable time limits than are applied between citizens (see Homer Eng. Co. v State of New York, supra, p 510; Oswego & Syracuse R. R. Co. v State of New York, supra, p 361). We think a realistic appraisal of the practical effects of this court’s filing requirements, taking into account the differences between actions in this court and normal civil actions in the Supreme Court, reveals that the State is not subject to less favorable time limitations.
Generally, in the Supreme Court, a civil action is deemed interposed and the Statute of Limitations is stopped when a summons is served. (CPLR 203, subds [a], [b].) Since a notice of intention contains all that is required in a summons and more (cf. CPLR 305 and Court of Claims Act, § 11), we believe it *1039 reasonable to analogize the two when weighing analogous time limitations. Although a notice of intention does not technically commence an action in this court (see Petzold v State of New York, 202 Misc 255, 256), there can be no doubt that it apprises the defendant of potential claims in a much more meaningful and substantial manner than a summons does in a Supreme Court action. Additionally, since a notice must state the nature of the claim (something not required in a summons — see CPLR 305, subd [b]), it circumscribes the causes of action and, in some cases, the damages (see, e.g., 59-304 Realty Co. v State of New York, 48 AD2d 974, 975) which may be subsequently claimed. A summons does not necessarily do this. In fact, in the proper case a notice of intention may be treated as a claim. (See State of New York v Aetna Cas. & Sur. Co., 43 AD2d 988, 989; Barski v State of New York, 43 AD2d 767; McCabe v State of New York, 58 Misc 2d 823, 827.) Consequently, we perceive no reason why a notice of intention may not have the ancillary purpose (in addition to its primary one of giving the State notice) of providing appropriate compliance with the above-cited constitutional prohibition. Considering the differences in the procedures and forums, we do not think it contrary to the spirit and purpose of said prohibition to deem a notice of intention sufficiently comparable to a summons to find that the filing of such notice affords the State a more, not less, favorable time limitation than that applicable between citizens.
It is proper for the Legislature to define what act constitutes accrual of a claim against the State for the purposes of determining when the equivalent Statute of Limitations as between citizens starts (see Matter of Dee v State Tax Comm., 257 App Div 531, 535, affd 282 NY 617; see, also, Homer Eng. Co. v State of New York, 12 NY2d 508, 511, supra). In this context, we are of the view that it is also proper for the Legislature to determine what act is sufficient to stop the equivalent Statute of Limitations (see Matter of Dee v State Tax Comm., supra, p 535). Of course such legislative action is subject to judicial scrutiny, at least insofar as constitutional restrictions are concerned. However, where there is no intention to circumvent such restrictions, and the legislative acts reasonably construed do not have that effect, the courts should respect the legislative determinations.
In promulgating the Court of Claims Act, there is a presumption the Legislature was aware of the constitutional *1040 restriction imposed by section 19 of article III of the Constitution (see Davis v State of New York, 54 AD2d 126) and such awareness is clearly shown by the inclusion of such restriction in subdivision 2 of section 12 of the Court of Claims Act. Further, the Legislature recently amended subdivision 5 of section 10 of the Court of Claims Act to liberalize this court’s discretion in permitting the late filing of claims. (L 1976, ch 280.) In adopting this latest amendment, the Legislature did not deem it necessary to change the two-year filing period provided under other subdivisions of said section where a notice of intention was filed within 90 days of accrual, as was done in the claims at hand. This is especially significant because said amendment also changed subdivision 5 to conform with the subject constitutional restriction. In light of the above-noted presumption of legislative deliberation and knowledge (see Davis v State of New York, supra), we must assume that had the Legislature believed the said two-year period under subdivision 3 of section 10 of the Court of Claims Act violated the constitutional restriction, it would have also amended said subdivision. It did not and we therefore think it fair to conclude that the Legislature found the said two-year period still in compliánce with said restriction. Although other methods may have been adopted to achieve such compliance, this court cannot say the method retained by the Legislature was unreasonable. Under all the circumstances, it is our determination that the defendant has not met its burden of proof in overcoming the presumption of constitutionality attaching to subdivision 3 of section 10 of the Court of Claims Act.[4]
We note parenthetically that treating the filed notices of intention as claims could be one, rather facile, way to avoid defendant’s constitutional objections (see p 1038, supra). A liberal (see CPLR 3026) and commonsense interpretation of the notices would most likely permit their treatment as claims with respect to the false imprisonment causes of action, but it is questionable whether such treatment could be accorded the *1041 malicious prosecution causes of action.[5] In any event, no application was made therefor (see Fernwood Trout Hatchery v State of New York, 50 AD2d 1035) and we believe the important constitutional issue raised herein requires us to make a determination on the merits.
Turning to the defendant’s request for alternative relief (see n 2, supra), we are of the opinion that the subject notices of intention sufficiently apprised the State of the malicious prosecution causes of action alleged in the filed claims. As previously mentioned, the obvious and primary purpose of a notice of intention is to give notice. It is not a pleading and thus need not state a cause of action or include all the elements thereof. The requirement that a notice of intention state the nature of the claim (Court of Claims Act, § 11) does not mean it must state the legal theory. (See Murray v State of New York, 202 App Div 597, 600.) Here the notices allege that each claimant "without warrant or probable cause” was "charged with a felony” and the "charge was subsequently dismissed.” It is apparent these prosecutions arose out of the subject mass arrest, the time and place of which are set forth in the instant notices. Thus, said notices adequately disclose the relevant transactions or occurrences and all the elements of the would-be malicious prosecution, except malice (see Broughton v State of New York, 37 NY2d 451, 457). This alerted the State of possible claims therefor, at least sufficiently enough to enable it to investigate and prepare a defense. Accordingly, we find the notices of intention herein satisfactorily included causes of action for malicious prosecution to substantially comply with the requirements of sections 10 and 11 of the Court of Claims Act.
As to the negligence causes of action, however, a more difficult question is presented. Our examination of the filed claims reveals that three separate allegations of negligence *1042 are set forth therein. They are: (1) negligence of the State in failing to properly train and supervise the members of the State Police who participated in the false arrest, detention, fingerprinting and search of claimants; (2) the negligence of said members in participating in an unlawful arrest and contributing to the deprivation of claimants’ civil liberty, including said search; and (3) the negligence of agents of the State in failing to verify the existence of probable cause. Although no negligence is asserted in the notices of intention, we believe that the allegations therein pertaining to the arrest, unlawful search and absence of probable cause are sufficient enough to alert the State of a possible negligence cause of action. The court thus finds that the subject allegations were adequate to give the State notice of the transactions and occurrences encompassed within the negligence spelled out in items (2) and (3) above. However, there is nothing in the notices referrable to the State’s training and supervision of said members of its police. While negligence with respect to training and supervision is a possible cause of the acts alleged in the notices, it cannot be fairly said that the notices of intention apprised defendant of this possibility. Consequently, it is our opinion that any putative negligence flowing from this allegation (see item [1] above) is time-barred under subdivision 3 of section 10 of the Court of Claims Act. As a result, said allegation should be stricken and claimants’ negligence cause of action emanating therefrom should be dismissed.
Based on all of the foregoing, the court finds the causes of action for false imprisonment and malicious prosecution timely and constitutionally filed. We further find the causes of action for malicious prosecution and negligence sufficiently included in the notices of intention and therefore timely filed, except as to the alleged negligence of the State in training and supervising its police members. Said allegation is thus stricken and the cause of action related thereto is dismissed.

. The court notes that none of the papers at bar indicates the date claimants were released from custody or the date when the criminal charges were dismissed. However, for purposes of these applications, we have relied upon counsel’s representation that said dismissals and releases occurred August 15, 1974 and we have thus adopted said date as the time of accrual herein.

. As alternative relief, the defendant requests the malicious prosecution and negligence causes of action be stricken because the notices of intention did not advise the State that claimants intended to make any claims therefor.

. It should be observed that the unconstitutionality argued for here would apply not only to the instant claims, but also to any other claims where the corresponding Statute of Limitations as between private citizens is less than two years and the claims are filed beyond said statutory period.

. The court observes that Coish v State of New York (23 Misc 2d 117) relied on by the defendant, indicates a contrary result to that found here. However, that case was not concerned with section 10, but rather with a special legislative act which attempted to give claimants, who had not complied with said section, additional time to file their claims as to which the normal Statute of Limitations had already run. Thus the subject constitutional prohibition was clearly violated. In any event, since the Coish decision was not reviewed by any appellate court, we do not find it binding.

. Although substantial compliance with section 11 of the Court of Claims Act is all that is required (see State of New York v Aetna Cas. & Sur. Co., 43 AD2d 988, supra; Barski v State of New York, 43 AD2d 767, supra; Chalmers & Son v State of New York, 271 App Div 699, 701, affd 297 NY 690), we think the omission of an essential element of the causes of action here (to wit, malice — see 36 NY Jur, Malicious Prosecution, § 25) is fatal (see Patterson v State of New York, 54 AD2d 147). Moreover, we do not believe it unreasonable to insist that a claim meet the minimum requirements of a pleading. (See CPLR 3013; Woolridge v Rosen, 35 AD2d 714, 715.) The statements in Chalmers & Son v State of New York (supra) could be interpreted to require less, but if read in their entire context, they would appear to be a reaction to the formal and highly technical pleading then extant. The liberalization in pleading effected by the CPLR should make such interpretation inapplicable today.