■ PICO PRODUCTS, INC., Respondent, v EAGLE COMTRONICS, INC., et al., Appellants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff asserts causes of action for malicious prosecution, abuse of process and defamation arising from an earlier action brought against it by this corporate defendant (see *Eagle Comtronics v Pico, Inc.,* 89 AD2d 803, mot for lv to app den 58 NY2d 601). The other defendants are officers and the attorney for the corporate defendant. Defendants moved to dismiss plaintiff's amended complaint, dated July 6, 1982, on the ground that the complaint fails to state any cause of action and, alternatively, that the five causes of action alleged therein are time barred. Special Term denied the motion and defendants appeal. Plaintiffs initially brought suit against these defendants in November, 1981. Upon a motion addressed to pleading defects in the complaint, an order was entered in March, 1982 directing service within 10 days of an amended complaint. The amended complaint was served late and defendants rejected it. A summons and "amended" complaint in a new action were served in April, 1982 on defendants' motion again addressed to pleading defects, an order was entered in June, 1982 directing plaintiff to serve an amended complaint. The amended complaint was served in July, 1982 and is the subject of this appeal. The first cause of action against the corporate defendant only, and the second cause of action against the other defendants, allege malicious prosecution of the earlier action. The third cause of action against the corporate defendant only, and the fourth cause of action against the other defendants, allege abuse of process on the basis that a temporary restraining order issued in the earlier action was obtained for an ulterior and unjustified purpose. The fifth cause of action is against all defendants and alleges defamation. The first two causes of action state all the essentials of the tort of malicious prosecution (see *Belsky v Lowenthal,* 47 NY2d 820) and are not time barred. The causes of action accrued on May 26, 1981 when judgment was entered in the earlier action (see *Marks v Townsend,* 97 NY 590; *Boose v City of Rochester,* 71 AD2d 59). Since this action was instituted in April, 1982, it was timely (see CPLR 215, subd 3). In so holding, we reject the argument of the noncorporate defendants that the original complaint served in April, 1982 did not give them notice of the transactions or occurrences to be proved pursuant to the amended pleading served in July, 1982 (see CPLR 203, subd [e]). The earlier complaint adequately informed these defendants of the wrongs charged against each of them (see *George v Mt. Sinai Hosp.,* 47 NY2d 170, 179). The temporary restraining order upon which the causes of action for abuse of process are premised was issued in January, 1977. These causes of action accrued to plaintiff when the temporary restraining order was vacated on February 3, 1977 (see *Cunningham v State of New York,* 53 NY2d 851; Ann., 1 ALR3d 953). It was then that plaintiff had a legal right to relief (see *Homer Eng. Co. v State of New York,* 12 NY2d 508; *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287). Plaintiff implicitly agrees that if the causes of action for abuse of process arose in 1977 they are barred by the Statute of Limitations. Since this is so whether the causes are viewed as seeking damages for injury to property (see CPLR 214, subd 4) or for personal injury (see CPLR 214, subd 5) as claimed by defendant (see *Levine v Sherman,* 86 Misc 2d 997), it is unnecessary to characterize their nature. In either case, they are subject to a three-year Statute of Limitations and must be dismissed as time barred. The fifth cause of action must also be dismissed as time barred. The last publication of the material claimed to be defamatory occurred more than one year before the commencement of this action (see CPLR 215, subd 3). There is no merit to plaintiff's argument that this cause of action could not be asserted until the result of the earlier action was known (cf. *Williams v Williams,* 23 NY2d 592). Accordingly, defendants'

motion to dismiss the third, fourth and fifth causes of action must be granted. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.