878

■ JOSEPH P. MARSALA, Appellant, v. STATE OF NEW YORK, Respondent. (Claim Nos. 34777, 45293.) — Appeal (1) from an order of the Court of Claims, entered March 6, 1968, which denied a motion to amend Claim No. 34777, and (2) from so much of an order of the Court of Claims, entered on September 19, 1967, which granted respondent's motion to dismiss Claim No. 45293. Subdivision 3 of section 10 of the Court of Claims Act provides that a claim for damages for injury caused by tort must be filed within two years after its accrual, and subdivision 5 of section 10 adds the proviso that, if the claimant is under a legal disability, the claim may be presented within two years after such disability is removed. "Legal disability attaches to one convicted of crime and sentenced to a State prison (Civil Rights Law, § 79; *Crawford* v. *State of New York*, 37 A D 2d 450). Constraints imposed upon the freedom of a person before conviction and pending further criminal process are not sufficient to constitute disability within the meaning of subdivision 5 of section 10 (*Beebe* v. *State of New York*, 38 Misc 2d 485) " (*Kurtz* v. *State of New York*, 40 A D 2d 917, 918). Claimant was released from State prison and transferred to the Orange County Jail on December 9, 1960, and he did not file his notice of intention to file an amended claim until September 6, 1963. The amended claim was therefore not timely filed so as to stand on its own merits. If, however, the proposed amendment to Claim No. 34777 relates back to the original claim, it may be allowed. In Court of Claims proceedings, CPLR 203 (subd. [e]) is dispositive concerning the relation back of an amendment to the original filing of a claim (Court of Claims Act, § 9, subd. 9). The threshold question is whether the original claim gave notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading (CPLR 203, subd. [e]), keeping in mind the rule that, "In a case involving a provision of statute or of contract limiting the time within which suit must be commenced, the cause of action will be deemed the same if the amended and original complaints both seek to enforce the same obligation or liability " (*Abrams* v. *Maryland Cas. Co.*, 300 N. Y. 80, 86). The original claim herein sought to impose liability upon the State for actions of the State Police between August 5 and August 9, 1955. The second cause of action in the amended claim, by the only novel material recited in said claim, seeks to impose liability during a period sometime subsequent to August 9, 1955. Therefore the second cause of action in the amended claim does not relate back, and the denial of the motion to amend the original claim was correct. As to the dismissal of Claim No. 45293, the procedural posture, while complicated, mandates a somewhat different result. The first cause of action in Claim No. 45293, while identical with Claim No. 34777, cannot stand as a new claim because it was filed on June 3, 1965, and sought to impose liability for actions which occurred in 1955 (see Court of Claims Act, § 10, subd. 3). It should be noted that this same cause of action continues to exist, in substance, as the original Claim No. 34777. As to the second cause of action in Claim No. 45293, such relates to the alleged tort of malicious prosecution and other alleged wrongs related to said malicious prosecution. Since the indictment against claimant was not dismissed until June 12, 1963, his claim did not accrue until that date (see *Hendrix* v. *Manhattan Beach Development Co.*, 181 App. Div. 111; 36 N. Y. Jur., Malicious Prosecution, §§ 19, 20, 21). Claimant filed his notice of intention on September 6, 1963, and his claim on June 3, 1965, both filings being timely (Court of Claims Act, § 10, subds. 3, 5). Consequently, the second cause of action in Claim No. 45293 should not be dismissed. Order entered March 6, 1968 affirmed, without costs. Order entered September 19, 1967 modified, on the law and the facts, so as to affirm that part of it which dismissed the first cause of action in Claim No. 45293

and reversed that part of it which dismissed the second cause of action in said claim, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.