■   LAWRENCE BARSKI, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 57437.) — Appeal from an order of the Court of Claims, entered April 10, 1973, which granted claimant's motion to treat his notice of intention to file a claim as a claim. On June 23, 1970, claimant was injured in a one-car accident at about 2:45 A.M. while driving on Route 9 N in Warren County. His injuries included fractures of three vertebrae resulting in his becoming a paraplegic. A notice of intention to file a claim was filed on his behalf on August 31, 1970, but his formal claim was not filed within two years after the accrual of his claim as provided by section 10 of the Court of Claims Act. In the month of March, 1973, claimant moved to have the notice of intention to file a claim treated as a claim or, in the alternative, for leave to file a late claim. On April 10, 1973, the Court of Claims granted the motion to treat the notice of intention as a claim, and that the same be amended to set forth the amount claimed as damages. The State appeals from that order contending that the notice does not contain sufficient facts to state a cause of action, in that it does not state the specific acts of negligence chargeable to the State, the duty owed by the State to claimant, claimant's freedom from contributory negligence, and the amount claimed. Section 11 of the Court of Claims Act provides, insofar as it is pertinent, as follows: "The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated." The notice filed by claimant set forth all of the items required by section 11 to be stated in a claim, except the total sum claimed. It was, however, set forth therein that the amount of claimant's expenses were not yet known, and that he was expected to be hospitalized for many months to come. In *Chalmers & Son* v. *State of New York* (271 App. Div. 699, 701, affd. 297 N. Y. 690), which involved a similar situation, except that there the notice set forth the damages claimed, this court said: "The sufficiency of a claim is to be tested by the provisions and purpose of the statute. The object of the statute should be kept in mind and it should not be given a construction that will defeat the ends of justice. * * * The purpose of the provision requiring the presentation of a notice of intention to file a claim or the claim itself against the State as a condition precedent to the institution of a suit for damages was not to hamper and harass the claimant but to give the officers of the State prompt notice of the damages or injuries and the surrounding circumstances in order that the matter might be investigated and the State's liability determined. The statute should receive a reasonable construction and not one that unjustly deprives a suitor of the right to recover adequate compensation for the damages he has sustained. A substantial compliance with the statute is all that is required." In

*Williams* v. *State of New York* (28 A D 2d 1174) this court affirmed an order granting a motion to consider a notice of intention to file a claim as the claim itself, stating that it found no reason to distinguish that case from the *Chalmers* case. The only distinction between this case and the *Chalmers* and *Williams* cases is in fact that the notice herein does not set forth the sum claimed. In that respect, the Court of Claims held "the sum claimed has no bearing upon the State's knowledge and investigation (*McCabe* v. *State of New York,* 58 Misc 2d 823). In fact, the amount alleged as damages in a tort claim often bears little relationship to the actual damages incurred." We agree that the failure to set forth the total sum claimed in this case is not a fatal defect to a finding that the notice of intention was actually a notice of claim. Here, the State was not deceived or misled and its rights have not been prejudiced. The statement of the extent of the injuries sufficiently advised the State that the amount of the claim would be considerable, and the reason for not setting forth the sum claimed was explained. Order affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.