■ ARLENE KING et al., Respondents, v POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant. (Claim No. 59910.)—Appeal from so much of an order of the Court of Claims, entered January 18, 1977, as denied the State's motion to dismiss the claim for failure to serve the Power Authority of the State of New York.* The sole question presented is whether the Court of Claims acquired jurisdiction in an action against the Power Authority of the State of New York (PASNY) when claimants commenced the action by service of the claim upon the office of the Attorney-General and by filing a copy of the claim with the clerk of the court. This court in *Cantor v State of New York* (43 AD2d 872) found that the Court of Claims lacked jurisdiction when, in a tort claim, no service was made upon the Thruway Authority. We stated (p 873) that "The Authority is an autonomous public corporation,

---

* The State does not appeal from that part of Judge Alpert's order granting claimants' cross motion to add the State of New York as a party defendant.

with an existence separate and independent from the State [citations omitted], and with the power to sue and be sued (Public Authorities Law, § 354, subd. 1).'' The same is true of PASNY. Section 1002 of the Public Authorities Law created PASNY as an autonomous corporation capable of suing and being sued. Subdivision 10 of section 1007 of the Public Authorities Law, with respect to appropriation claims against PASNY, as well as subdivision 2 of section 358, with respect to appropriation claims against the Thruway Authority, both recite, in identical language, that "When a claim has been filed with the court of claims, the claimant shall cause a copy of such claim to be served upon the authority and the authority shall have the right to be represented and heard before said court. All awards and judgments arising from such claim shall be paid out of moneys of the authority." Unlike the trial court, for the purpose of requiring jurisdiction, we discern no distinction between a tort action against the Thruway Authority *(Cantor v State of New York, supra;* see *Littanzi v State of New York,* 54 AD2d 1043; *McCormick v State of New York,* 51 AD2d 28) and an appropriation action against PASNY. Each action requires that the proper authority be a named defendant (an omission that can be corrected by amendment of the caption of the case, if service is otherwise valid [see *Tomlinson Bros. v State of New York,* 15 AD2d 692]) and that a copy of the claim be served upon the authority by the claimants (Public Authorities Law, § 358 [Thruway Authority]; § 1007, subd 10 [PASNY]). No such service was made by claimants herein. Order reversed, on the law, and claim dismissed, without costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.