■ PATRICK J. CUNNINGHAM, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61891.)—Appeal from an order of the Court of Claims, entered August 29, 1979, which granted the State's motion to dismiss an amended claim pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action and pursuant to section 10 of the Court of Claims Act as untimely asserted. The present claim arose out of an investigation conducted by former Deputy Attorney-General Maurice Nadjari into alleged corruption in the criminal justice system in the City of New York. The investigation resulted in four indictments against claimant, all of which were subsequently dismissed, and as a result of which claimant instituted a claim seeking to assert causes of action against the State for malicious prosecution, abuse of process and violation of constitutional rights. When the matter was previously before this court (Cunningham v State of New York, 71 AD2d 181), we affirmed an order dismissing the claim on the ground that causes of action based upon the charged misconduct were barred by the doctrine of absolute prosecutorial immunity. We did, however, grant claimant leave to replead any investigative or administrative abuses which would be governed by a qualified, rather than an absolute, immunity, and the amended claim herein resulted. In the Court of Claims the amended claim was also dismissed, as noted above, and the instant appeal has ensued.

Upon our examination of the amended claim, we find that the court properly dismissed causes of action based upon 22 of the 23 acts of alleged misconduct by the Nadjari office asserted therein. The allegations in question were deficient for various reasons, with some failing to state a harm or indicate the person harmed, some alleging wrongs to individuals other than claimant, and some relating to the concealment, suppression and falsification of evidence and the use or attempted use of perjured testimony, actions which have been held to be protected by absolute prosecutorial immunity (see *Imbler v Pachtman,* 424 US 409; *Henzel v Gerstein,* 608 F2d 654; *Prince v Wallace,* 568 F2d 1176). Additionally, other of the claims sound in defamation, and since these involve acts wholly without the scope of the prosecutor's position which were not performed in furtherance of his duties, the State cannot be held derivatively liable therefor, and claimant must seek recompense from the prosecutor personally (see *Cornell v State of New York,* 60 AD2d 714, affd 46 NY2d 1032). The sole remaining allegation of wrongdoing relates to the alleged preparation, service and filing of a false affidavit by the prosecutor wherein he "viciously, unjustifiably and reclessly *[sic],* and irresponsibly charged the claimant with widespread criminality so as to order the claimant to appear before a grand jury in furtherance of an alleged investigation." Taken together with claimant's assertion that the prosecutor's actions were malicious, this allegation states a cause of action for abuse of process *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397), and since the act in question was performed in the prosecutor's investigative capacity, it is not protected by absolute prosecutorial immunity *(Lee v Willins,* 617 F2d 320). Moreover, claimant's notices of intention to file a claim were filed within 90 days of the orders of dismissal of the indictments against him, and his claim was filed within two years of the orders of dismissal. Under these circumstances, the filings, being related to an alleged tort of malicious prosecution, were timely and the cause of action for abuse of process is not time barred *(Marsala v State of New York,* 41 AD2d 878). Lastly, we note that a cause of action for abuse of process is viable only if actual or special damages are alleged and proven *(Board of Educ. v Farmingdale Classroom Teachers Assn. Local 1889, AFT AFL-CIO, supra),* and in this instance claimant has failed to allege such damages in his claim, although he obviously expended considerable amounts in an attempt to defeat this process (see *Matter of Cunningham v Nadjari,* 39 NY2d 314). Such being the case, he is granted leave to amend his claim to allege his special damages. Order modified, on the law, by reinstating claimant's cause of action for abuse of process, and matter remitted to the Court of Claims for further proceedings not inconsistent herewith, with the direction that claimant be granted leave to plead his special damages, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.