OPINION OF THE COURT
Harold E. Koreman, J.
The defendant moves for dismissal of the amended claim herein on the ground that the causes of action alleged are barred by the Statute of Limitations. A prior motion seeking dismissal of the fifth and sixth causes of action for untimeliness, and dismissal of the second and fourth causes of action for failure to allege a cause of action was held in abeyance pending disposition of the motion for dismissal of the claim in its entirety.
The claim is based on defamation and arises out of certain statements alleged to be libelous and slanderous, which were made by members of the faculty in the department of psychology at the State University at Albany (SUNY) concerning the claimant who was then a graduate student in the doctoral program in that department. The alleged defamatory material, which was also given to a *162 newspaper in the City of Albany for publication, accused the claimant of performing certain psychological testings and experiments on school children in the course of the doctoral program in a manner not authorized by the psychology department. Apparently, the statements made by the SUNY faculty members were prompted by a critical report made by the State Health Department respecting the experiments being conducted by the department of psychology at SUNY.
The amended claim alleges that the claimant was libeled and slandered by agents and employees of the State “On or about April 24, 1977, September 27, 1977, and thereafter, the exact datés being presently unknown to claimant”. It is also alleged that the claimant was libeled “in or about December, 1977.” In the notice of intention, filed in this court on December 21, 1977, it is stated that the “claim arose: On September 27, 1977 et seg. [sic]”. The notice of intention does not refer to any other date on which the claimant claims to have been libeled or slandered, and for which he intends to file a claim against the State.
A claim arising out of a tortious act must be filed within 90 days after the accrual of such claim unless a notice of intention to file a claim is filed within that same time period. (Court of Claims Act, § 10, subd 3.) Since the notice of intention was filed on December 21,1977, obviously the 90-day period had expired after accrual of the claim based on statements made on April 24, 1977, and an action arising out of defamatory statements allegedly made on that date may not be maintained. It is noted further that the notice of intention makes no mention of the April 24, 1977 date, but sets forth only the date of September 27, 1977 as the time when the claim arose with the added expression “et seg. [sic].”
As to the separate and distinct cause of action alleging that the claimant was libeled and slandered on September 27, 1977, the notice of intention was timely filed. The defendant contends, however, that the action thereon was not commenced within one year of the accrual of a cause of action in defamation as required by law, and therefore, the claim based on allegations of libelous and slanderous statements made on September 27,1977, as well as the cause of *163 action accruing “in or about December, 1977” are time barred.
It is the claimant’s position that since the notice of intention was timely filed, at least as to the causes of action alleged to have accrued on September 27, 1977 and in December, 1977, he had a period of two years within which to commence an action thereon, as provided by subdivision 3 of section 10 of the Court of Claims Act and, claimant contends the one-year Statute of Limitations provided for in the CPLR has no application to claims against the State.
Initially, and as noted previously, there is no reference to any date nor even to any specific month, other than September 27, 1977 in the notice of intention.
It is provided in CPLR 215 as follows:
“The following actions shall be commenced within one yCtU** ^ •J' ^
“3. an action to recover damages for * * * libel, slander”.
As pertinent here, section 19 of article III of the New York State Constitution and subdivision 2 of section 12 of the Court of Claims Act provide in almost identical language that no claim against the State shall be allowed or paid, nor shall any judgment be awarded on any claim which “as between citizens of the state, would be barred by lapse of time.” It is not disputed that a cause of action in defamation accrues on the dates of publication of the alleged libelous statement or the date the allegedly slanderous matter is uttered (Berger v Gilbert, 65 AD2d 882; Clark v New York Tel. Co., 52 AD2d 1030, affd 41 NY2d 1069; Fleischer v Institute for Research in Hypnosis, 57 AD2d 535).
The applicable Statute of Limitations in an action for libel and slander is to be found in CPLR 215 (subd 3). (Vann v State of New York, 71 AD2d 1037.) The purpose of the constitutional prohibition (NY Const, art III, § 19) is to fix a maximum allowance of time in which claims against the State may be brought, and to prevent the State from subjecting itself to less favorable time limits than are applicable between citizens, even though the Legislature may set shorter time limitations on claims against the *164 State than are provided in the normal Statute of Limitations (see Homer Eng. Co. v State of New York, 12 NY2d 508, 510; Oswego & Syracuse R.R. Co. v State of New York, 226 NY 351, 361-362). The original claim herein was not filed until September 25, 1979, well beyond the one-year period of limitation provided by the statutory and constitutional requirements for commencement of an action in libel and slander, whether the action is brought against another citizen or against the State. It is clear, therefore, that with respect to the causes of action alleged to have accrued on September 27, 1977 and in December, 1977, the claim herein is barred by the Statute of Limitations (CPLR 215, subd 3). The provision in subdivision 3 of section 10 of the Court of Claims Act extending the time for filing a claim to two years after its accrual by the filing of a timely notice of intention cannot be construed as an extension of the time limitation beyond that specifically prescribed by law for the commencement of a particular type of action. Clearly, such a construction would have the effect of subjecting the State to a less favorable time limit for commencing an action in defamation than would be applicable as between any other parties, and for that reason, would be constitutionally and statutorily impermissible. (NY Const, art III, § 19; Court of Claims Act, § 12, subd 2.) However, a reasonable interpretation of both the constitutional and statutory prohibitions in question and their purposes does not impel a finding by this court that the requirements for filing a claim against the State contained in subdivision 3 of section 10 of the Court of Claims Act are unconstitutional. “The Legislature is presumed to act with deliberation and with knowledge of existing statutes on the same subject (McKinney’s Cons Laws of NY, Book 1, Statutes, § 222)”. (Davis v State of New York, 54 AD2d 126, 129.) There is a presumption that, in enacting the Court of Claims Act, the Legislature was aware of the constitutional restrictions imposed by section 19 of article III of the State Constitution, which is clearly demonstrated by the fact that the same restriction was included in subdivision 2 of section 12 of the Court of Claims Act. It is also noteworthy that when subdivision 5 of section 10 of the Court of Claims Act was amended and *165 became subdivision 6 with respect to granting leave to file a late claim, the Legislature limited the filing of a late claim to the time period in which “an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.” (L 1976, ch 280.) Under the general rules of statutory construction all parts of a legislative enactment, such as the Court of Claims Act, must be read together and should be harmonized with each other if at all possible in order to sustain their constitutionality (McKinney’s Cons Laws of NY, Book 1, Statutes, §§98, 150). With these considerations in mind the court concludes that in enacting subdivision 3 of section 10 of the Court of Claims Act the Legislature could not have intended to grant a claimant a longer period of time within which to file a claim than that provided in CPLR 215 (subd 3), as evidenced by the prohibition against the award of a judgment against the State on a claim barred by lapse of time contained in subdivision 2 of section 12 of the Court of Claims Act and the restriction included in subdivision 6 of section 10 of the Court of Claims Act to which reference has already been made.
The court finds no merit to claimant’s additional contention that the notice of intention be deemed the claim and that the court should treat it as such. Section 11 of the Court of Claims Act provides in part, “The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed * * * The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated.” If the notice of intention filed herein is to be considered the claim, its legal sufficiency as such must be established by stating a cause of action in defamation (Patterson v State of New York, 54 AD2d 147). An analysis of the notice of intention reveals that after setting forth the date of September 27, 1977 as the time when the claimant was “libeled, slandered and defamed” by employees and agents of the State of New York at SUNY, it is alleged that the claimant was falsely accused of administering and of being responsible for unauthorized tests involving certain school *166 children, and that he was responsible for injuries sustained by a certain individual claimed to have resulted from tests conducted by him. The particular words complained of as libelous and slanderous or the precise statements claimed to be defamatory are not set forth in the notice of intention, as required by CPLR 3016 (subd [a]). “This requirement is strictly enforced and the exact words must be set forth.” (Gardner v Alexander Rent-a-Car, 28 AD2d 667.) Since the notice of intention fails to set forth the libelous or slanderous words in haec verba, it fails to state a cause of action and thus, cannot be treated as the claim. Claimant’s reliance on Chalmers & Son v State of New York (271 App Div 699, affd 297 NY 690) is misplaced, “for there concededly the notice of intention stated a cause of action and was held merely to have been mislabeled.” (Patterson v State of New York, supra, p 150.) It is clear, therefore, that the claim filed herein is time barred by the applicable Statute of Limitations and must, therefore, be dismissed. In view of this conclusion, the companion motion is rendered moot.
In accordance with all of the foregoing, it is ordered, that the defendant’s motion be in all respects granted and that the claim be and hereby is dismissed.