TODD C. TRAYER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64348.) (And Three Other Claims — Nos. 64349, 65702, 65793.)

Third Department, December 16, 1982

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Betsy Broder* and *Jeremiah Jochnowitz* of counsel), for appellant.

*Greg D. Lubow* for Todd C. Trayer and another, respondents.

*John A. Lahtinen* for Lawrence R. Darrah and another, respondents.

*O'Connell & Wolfe* (*Michael J. Howley* of counsel), for James Clukey, respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Each of the instant cases involves a claim against the State for alleged intentional tort. Claimants in Claims Nos. 64348 and 64349 seek to recover damages for false imprisonment and malicious prosecution. Claimants in Claim No. 65702 seek to recover for assault while their counterpart in Claim No. 65793 alleges that he sustained injuries resulting from an assault and battery. The applicable Statute of Limitations for each of these causes of action would be the one-year period contained in CPLR 215 (subd 3). All of the claimants properly filed notices of intention to file claims within 90 days of the accrual of their respective claims as required by subdivision 3 of section 10 of the Court of Claims Act. All claimants also complied with the additional time limitation in that section by filing their claims against the State within two years of the accrual of their claims, although in each instance the claim was filed more than one year from the date on which the claim accrued.

Accordingly, in Claims Nos. 65702 and 65793, the State, prior to answering, moved to dismiss the claims pursuant to CPLR 3211 (subd [a], pars 2, 5) for lack of subject matter jurisdiction and for failure to comply with the Statute of Limitations contained in CPLR 215 (subd 3). In Claims Nos. 64348 and 64349, the State answered without raising the Statute of Limitations defense. Instead, subsequent to answering, the State moved to dismiss those claims on the ground that they were barred by CPLR 215 (subd 3).

The Court of Claims denied the State's motion to dismiss in each claim. With regard to Claims Nos. 64348 and 64349, the court held that the State had waived any objection based on the Statute of Limitations since it had not raised that objection either in its answer or by way of a CPLR 3211 motion to dismiss prior to answering. In Claims Nos. 65702 and 65793, the court ruled that even though the actions were not commenced within one year of their accrual, the claims were timely and the court had jurisdiction over them since the time requirements of subdivision 3 of section 10 of the Court of Claims Act had been met. The State has appealed all of the orders denying its motions to dismiss the claims.

■ Turning first to the order involving Claims Nos. 64348 and 64349, the Court of Claims properly ruled that the State waived any objection based on the provisions of CPLR 215 by not raising the matter in either its answer or by way of a preanswer motion. The State argues that although private parties may waive the defense of the Statute of Limitations, this rule does not apply to the State since the notice requirements relevant to claims against the sovereign are jurisdictional prerequisites which can be raised at any time. The cases cited by the State in support of its position, however, all deal with the time limitations contained in section 10 of the Court of Claims Act or that statute's predecessor (see *Buckles v State of New York,* 221 NY 418, 423-424; *Gates-Chili Cent. School Dist. v State of New York,* 55 AD2d 44, 46, n 1; *Wheeler v State of New York,* 285 App Div 1008; *Bay Ridge Air Rights v State of New York,* 84 Misc 2d 801, 804, mod 57 AD2d 237, affd 44 NY2d 49; see, also, *Gates v State of New York,* 128 NY 221).

While it is undisputed that the requirements contained in that section are jurisdictional in nature and thus can be raised at any stage of the action, the State does not seek to have any of the claims dismissed on the basis of a failure to comply with the mandates of section 10 of the Court of Claims Act. The time limitations for filing a notice of intention and the subsequent claim contained in that section were met by all claimants. Instead, the State bases its argument for dismissal of the claims on CPLR 215, a time limitation not contained in the statutes conferring jurisdic-

tion on the Court of Claims. Accordingly, it is our view that the State's contention that these actions were not timely commenced within the one-year Statute of Limitations of CPLR 215 (subd 3) does not raise a jurisdictional objection and that the Court of Claims correctly found a waiver by the State of this defense in Claims Nos. 64348 and 64349.

Having decided that the Court of Claims properly refused to pass upon the argument being advanced by the State in two of the claims, we must now review that same court's resolution of that issue on the merits in the two remaining claims wherein the argument was timely made in a preanswer motion. In so doing, we are faced with the task of harmonizing two statutes which appear to be in direct conflict with one another. One of these statutes, subdivision 3 of section 10 of the Court of Claims Act, has already been discussed. It provides: "A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." The other relevant statute, subdivision 2 of section 12 of the Court of Claims Act, is based on a provision in the New York State Constitution (art III, § 19) and states: "No judgment shall be awarded to any claimant on any claim which, as between citizens of the state, would be barred by lapse of time."

The State argues that any claim based on an intentional tort having a one-year Statute of Limitations must be filed within one year from the date the claim accrued or else be violative of both the constitutional and statutory prohibitions against claims which "as between citizens of the state, would be barred by lapse of time". Claimants, on the other hand, contend that the timeliness of their claims is governed solely by the requirements of section 10 of the Court of Claims Act, with which they have complied, and that CPLR 215 has no application to actions against the State.

Although this court has in the past applied subdivision 3 of section 10 of the Court of Claims Act to questions of timeliness involving claims for intentional torts alleged to have been committed by the State (see, e.g., *Cunningham v State of New York,* 77 AD2d 756, mod 53 NY2d 851; *Marsala v State of New York,* 41 AD2d 878), this was done without addressing the purported statutory and constitutional inconsistencies posed by the State herein. Two lower courts have addressed the issue, however, and reached opposite conclusions (*Bensen v State of New York,* 88 Misc 2d 1035 [claim held timely so long as filed within two years prescribed by subdivision 3 of section 10 of the Court of Claims Act]; *Kilbourne v State of New York,* 111 Misc 2d 161 [claim untimely unless filed within one-year Statute of Limitations of CPLR 215 (subd 3)]).

In attempting to resolve the ambiguity resulting from the conflicting statutory language, we strive, as always, for an understanding of legislative intent. A historical review of the relevant statutory provisions involved in this appeal gives some insight into what that intent was. The State waived its sovereign immunity from liability for the torts committed by its employees in 1929 (L 1929, ch 467, enacting former Court of Claims Act, § 12-a). The legislation which announced this waiver of immunity required claimants seeking to sue the State for torts committed by its employees to serve a copy of the claim or notice of intention to file a claim upon the Attorney-General within 60 days after the injury occurred and to file the claim within two years of the event causing the injury (*id.*). This statute, which was the forerunner to the current subdivision 3 of section 10 of the Court of Claims Act, was adopted at a time when the Statute of Limitations was three years for negligence and two years for all intentional torts (see former Civ Prac Act, § 49, subd 6; § 50, subd 1, as enacted by L 1920, ch 925). Thus, in 1929, the two-year outside limit on filing claims for torts committed by State employees served only to reduce by one year the normal time limitation for commencing negligence actions and had no effect on the maximum time for instituting actions based on intentional torts.

It was not until 1936 that the Statute of Limitations for libel and slander was reduced to its present one-year period (L 1936, ch 327, adding subd 3 to former Civ Prac Act, § 51). The Statute of Limitations for the other intentional torts of assault, battery, false imprisonment and malicious prosecution remained at two years until the adoption in 1962 of the CPLR (L 1962, ch 308). At that time, all of the intentional torts were again united and governed by the one-year limitation contained in CPLR 215 (subd 3).

In light of this historical background, we do not ascribe, as do claimants, a conscious intent on the part of the Legislature to establish a time frame for commencing claims based on intentional torts which would be longer than the applicable period involving ordinary parties. To the contrary, it seems that the Legislature, in adopting the initial time limitations contained in former section 12-a of the Court of Claims Act and now found in section 10 of that law, acted in a manner which only shortened the then-existing Statutes of Limitation and then failed to amend that section and make specific reference to shorter time limitations for bringing actions based on intentional torts which were subsequently enacted in 1936 and 1962.

■ Accordingly, we hold that those seeking to sue the State for intentional torts committed by State officers or employees must, in addition to meeting the jurisdictional time limits contained in subdivision 3 of section 10 of the Court of Claims Act, comply with CPLR 215 (subd 3) or risk having their claim dismissed if a timely Statute of Limitations defense is raised. In so holding, we reject the reasoning of the court in *Bensen v State of New York* (88 Misc 2d 1035, *supra*) whereby the notice of intention to file a claim was deemed to stop the running of the Statute of Limitations for purposes of determining whether there had been compliance with subdivision 2 of section 12 of the Court of Claims Act and its parallel constitutional provision (NY Const, art III, § 19). Instead, we embrace the reasoning set forth by the court in *Kilbourne v State of New York* (111 Misc 2d 161, *supra*) whereby all of the relevant statutes were harmonized and the conclusion reached that CPLR 215 (subd 3) was applicable to a claim for defamation against the State. This result is not only consistent

with what we find to be the legislative intent in adopting the Court of Claims Act, it accords with the spirit of the constitutional prohibition and avoids the effect of subjecting the State to a less favorable time limit for the commencement of an action based on an intentional tort than would be applicable as between any other parties.

■ Having determined that CPLR 215 (subd 3) does apply to the two claims in which that defense was properly raised, we must now address the argument advanced by claimants in Claims Nos. 65702 and 65793 that their notices of intention to file a claim be treated as claims. A review of the notices of intention to file a claim contained in the records of these two cases indicates that all of the information necessary for a valid claim (Court of Claims Act, § 11) was contained therein and the Attorney-General does not seriously challenge claimants on this point. We will, therefore, treat the notices filed in Claims Nos. 65702 and 65793 as claims (see *Barski v State of New York,* 43 AD2d 767). As such, the claims were filed within the one-year Statute of Limitations of CPLR 215 (subd 3) and the action of the Court of Claims in denying the State's motions to dismiss these claims was correct, albeit for reasons different from those given by the court in its orders.

The orders should be affirmed, without costs.

KANE, CASEY, MIKOLL and LEVINE, JJ., concur.

Orders affirmed, without costs.