OPINION OF THE COURT
Henry W. Lengyel, J.
This claim for damages arose from an alleged assault and battery committed by a New York State Police Sergeant on or about May 25, 1977. Claimant’s counsel filed and served a notice of intention to file a claim on August 5, 1977, within 90 days of the date of accrual, as required by subdivision 3 of section 10 of the Court of Claims Act. On April 23, 1979, within two years after the claim accrued and as permitted by subdivision 3 of section 10, claimant’s counsel filed and served a notice of claim. The defendant served and filed its answer on or about May 3, 1979. Several affirmative defenses were pleaded. However, the defendant did not plead the Statute of Limitations. Obviously, the very capable Assistant Attorney-General did not plead the limitation statute because it was not until October 20, 1980, when Kilbourne v State of New York (111 Misc 2d 161) was handed down, that there was an indication more than a complete compliance with subdivision 3 of section 10 of the Court of Claims Act may be required.
*609 On September 15, 1981, the defendant made an application for an order dismissing the claim as being time barred. In my order filed on September 22, 1981, I denied the motion and I wrote:
“CPLR § 215(3) provides a one year statute of limitations in torts sounding in assault and/or battery; and, the Court of Claims Act § 12(2) provides that, ‘No judgment shall be awarded to any claimant on any claim which, as between citizens of the state, would be barred by lapse of time.’ The Assistant Attorney General contends that CPLR § 215(3) and Court of Claims Act § 12(2) control over Court of Claims Act § 10(3) and that the claim had to be filed and served either within 90 days after May 25, 1977; or, if a Notice of Intention had been filed within the 90 day period, within one year of May 25, 1977. He cites the decision of Kilbourne v State of New York * * * [111 Misc 2d 161, supra] as support for his position. There is no question but that the Kilbourne decision is almost on all fours with the situation at bar; and, that it supports the State’s position.
“However, in * * * Bensen v State of New York, 88 Misc 2d 1035, which is also almost on all fours with the situation at bar, Judge Rossetti, in a well reasoned opinion, held opposite to the State’s position herein. In Budgar v State of New York, 98 Misc 2d 588, 593, Judge Lowery cited the Bensen decision with approval and wrote, ‘Further, a timely filed “notice of intention” is tantamount to the filing of a “notice of claim” for the purpose of tolling the statute.’
“I am in agreement with the position espoused by Judge Rossetti and followed by Judge Lowery.”
On or about October 8, 1981, the defendant appealed my order to the Appellate Division, Second Department. I am advised that the appeal was withdrawn by stipulation. In his opposing affidavit claimant’s counsel stated at page 3: “In about late May of 1982, the Assistant Attorney General handling this matter on behalf of the State [apparently Joseph P. Perretta], forwarded to me an unsolicited but executed ‘Stipulation Withdrawing and Discontinuing the State’s Notice of Appeal’, which I immediately executed and returned”. (Matter in brackets added by court.) Claimant’s counsel contends that abandoning the appeal established the law of the case; and, that the State may not now *610 make the motion presently at bar. I disagree with counsel in that respect. In my opinion, the matter is properly before me at this time. (See Matter of Huie [Furman], 20 NY2d 568; Foley v Roche, 86 AD2d 887; Burns v City of Binghamton, 39 AD2d 1009, affd 33 NY2d 555.)
On December 16, 1982, the Appellate Division, Third Department, decided Trayer v State of New York (90 AD2d 263). In the Trayer decision the appellate court determined the procedural fate of four separate claims. The State had moved to dismiss each claim on the ground that it was not timely commenced within the one-year Statute of Limitations of CPLR 215 (subd 3). In each of the claims counsel had filed a notice of intention within 90 days of accrual and a notice of claim within two years of accrual (see Court of Claims Act, § 10, subd 2) but not within one year of accrual (see CPLR 215, subd 3). In two of the claims the State had not affirmatively pleaded the one-year Statute of Limitations in its answers; but, in the other two claims, the State, prior to making answer, moved to dismiss pursuant to CPLR 3211 (subd [a], pars 2, 5) and 215 (subd 3). Thus, the question which had been differently resolved in the Kilbourne and Bensen decisions was squarely before the appellate tribunal which unanimously stated, in an opinion by Presiding Justice Mahoney that (90 AD2d, at p 268): “Accordingly, we hold that those seeking to sue the State for intentional torts committed by State officers or employees must, in addition to meeting the jurisdictional time limits contained in subdivision 3 of section 10 of the Court of Claims Act, comply with CPLR 215 (subd 3) or risk having their claim dismissed if a timely Statute of Limitations defense is raised. In so holding, we reject the reasoning of the court in Bensen v State of New York (88 Misc 2d 1035, supra) whereby the notice of intention to file a claim was deemed to stop the running of the Statute of Limitations for purposes of determining whether there had been compliance with subdivision 2 of section 12 of the Court of Claims Act and its parallel constitutional provision (NY Const, art III, § 19). Instead, we embrace the reasoning set forth by the court in Kilbourne v State of New York (111 Misc 2d 161, supra) whereby all of the relevant statutes were harmonized and the conclusion reached that CPLR *611 215 (subd 3) was applicable to a claim for defamation against the State.” Although I am not persuaded by the reasoning set forth in the Kilbourne and Trayer decisions, I am, of course, bound by the appellate holding.
The claim at bar sounds in the torts of assault and battery and was brought in complete compliance with subdivision 3 of section 10 of the Court of Claims Act. The State now moves for permission to amend its answer to include the defense of the one-year Statute of Limitations under CPLR 215 (subd 3) and for dismissal of the action as being barred by the Statute of Limitations. The Assistant Attorney-General points out on pages 3 and 4 of his supporting affidavit that:
“Only after December 16, 1982 did the Appellate Court first find that CPLR Section 215 subd 3 must be met, in addition to the jurisdictional time limits of the Court of Claims Act * * *
“At the time defendant filed its original Answer on May 3, 1979 * * * the case law was different than after the. Appellate Division’s decision in Trayer v. State, supra.”
The claim has been on the court’s Trial Calendar since May 4,1979, and is presently carrying Calendar No. 10 on my records. All pretrial preparation, including medical examinations by defendant’s doctor, has been completed; and, I am advised claimant has returned to this country for the trial. I do not question that the defendant’s counsel has proceeded with all due speed in preparing, serving and filing his motion papers. However, in my opinion, it would be an abuse of discretion for me to permit the State more than two years after service of answer to plead the CPLR 215 (subd 3) Statute of Limitations and then to dismiss the claim. In accord with the Trayer opinion, I hold that the defendant “waived any objection based on the provisions of CPLR 215 by not raising the matter in either its answer or by way of a pre-answer motion.” As the one-year Statute of Limitations was waived, the claim is properly before the court and the State’s motion must be and is denied.
I also point out that, except for the inclusion of an ad damnum clause, claimant filed and served a notice of intention to file a claim which contained all of the informa *612 tion necessary for a valid claim. As stated in Barski v State of New York (43 AD2d 767, 768): “ ‘the sum claimed has no bearing upon the State’s knowledge and investigation (McCabe v. State of New York, 58 Misc 2d 823). In fact, the amount alleged as damages in a tort claim often bears little relationship to the actual damages incurred.’ ” (See, also, Chalmers & Son v State of New York, 271 App Div 699, 701, affd 297 NY 690.) Therefore, even if the defendant had pleaded the CPLR 215 Statute of Limitations, I would hold this to be a valid claim and any dismissal motion predicated upon the Statute of Limitations would be denied.
With all due respect to Presiding Judge Koreman whose well-documented and reasoned opinion in Kilbourne v State of New York (111 Misc 2d 161, supra) was embraced by the appellate court in Trayer v State of New York (90 AD2d 263, supra), I cannot agree with the end result which, in my opinion, punishes members of the Bar who read the Court of Claims Act and file and serve their papers consonant with those requirements; and, even more importantly, which deprives claimants of their day in court. It should be understood that I have no quarrel with adopting the reasoning and end result obtained prospectively; but, I cannot agree that such a retroactive judicial thunderbolt should flash out of clear blue skies to strike down capable counsel and claimants who may have meritorious claims. This end result will not just affect the claim at bar. I already have another dismissal motion based upon the Trayer opinion; and, I feel certain there will be more. “To be sure, in circumstances arising from intentional or inadvertent legislative gaps courts have expanded time strictures on an injured party’s right to recover (see, e.g., Becker v Huss Co., 43 NY2d 527, 541-542). It is not the role of the court, however, without benefit of legislative authority, to cut off abruptly a cause of action good until then under conventional law.” (Bay Ridge Air Rights v State of New York, 44 NY2d 49, 55.) As to the question of existing case law see Cunningham v State of New York (77 AD2d 756, 757, mod 53 NY2d 851) and Marsala v State of New York (41 AD2d 878). We are not here making a change which relates to litigation in future steps and changes. We *613 are here reaching backward and nullifying things already done (see Matter of Berkovitz v Arbib & Houlberg, 230 NY 261, 270-271, Cardozo, J.) and within the ambit of a clearly worded jurisdictional time-limit statute. It would seem that, if these statutes in the Court of Claims Act and the CPLR are to be harmonized, it should be the Legislature conducting the orchestra and directing the procedure to be followed, not the judiciary. But, if it is to be the judiciary, then in fairness and equity, I believe the change should be made prospective.
A short form order denying the motion will be filed contemporaneously with this opinion.