OPINION OF THE COURT
Harold E. Koreman, J.
By this motion defendant requests dismissal of the amended claim herein on the ground that the same was not timely filed.
This action arises out of allegedly slanderous and libelous statements made about claimants by employees of the New York State Department of Health during the review of an application for transfer of ownership of a residential health care facility operated by claimants. The purported defamatory material includes a report and published letter which indicated that claimant Albert Schwartzberg was a convicted felon; verbal statements to the intended purchasers of the facility to the effect that claimants wrongfully withdrew $300,000 from the business just prior to the execution of the purchase agreement; and subsequent oral *1096 communications to the prospective purchasers indicating that under claimants’ management the facility collected approximately $1.2 million in Medicaid overreimbursements which would have to be repaid.
It is alleged that these defamatory remarks were made on November 30, 1981, December 3, 1981 and December 18, 1981. A notice of intention was filed and served on March 1, 1982, naming the State of New York and numerous other departments and individuals as defendants. Although the first cause of action accrued on November 30, 1981, 91 days prior to the filing of the notice of intention, since the 90th day fell on a Sunday the filing on the following business day was timely even as to said earliest cause of action (Court of Claims Act, § 10, subd 3; General Construction Law, § 25-a).
Thereafter, on November 30, 1982, prior to the expiration of the one-year Statute of Limitations (see Court of Claims Act, § 12, subd 2; CPLR 215, subd 3; Trayer v State of New York, 90 AD2d 263), claimants filed a claim with this court and served a copy thereof on the Attorney-General. However, the defendant named in the caption was not the State of New York, but rather four individual State employees. On December 6, 1982, claimants filed an amended claim naming the State of New York as the sole defendant and on the following day served the Attorney-General with a copy.
The defendant argues that the failure to include the State of New York in the caption of the original claim rendered said pleading jurisdictionally defective and not subject to amendment so as to permit application of the relation-back doctrine (see CPLR 203, subd [e]; Goldberg v Camp Mican-Recro, 42 NY2d 1029; see, also, Jones v State of New York, 69 AD2d 936, affd 51 NY2d 943). The State contends, moreover, that when the amended claim was filed the Statute of Limitations had already run on the first and second causes of action, rendering said actions untimely. Claimants, on the other hand, assert that the error in the caption was a mere technical defect which should be disregarded. They submit, furthermore, that the defect has already been corrected by the amendment, filed as of right (Rules of the Court of Claims, § 1200.12 [22 NYCRR]), *1097 which relates back to the date of the original filing (CPLR 203, subd [e]), and that all of the actions contained therein are, therefore, timely.
In assessing the nature of the defect we would first note that there is nothing in the Court of Claims Act or Rules which pronounces that naming the State in the caption is a jurisdictional requirement (see, generally, Court of Claims Act, § 11; Rules of the Court of Claims, § 1200.4 [22 NYCRR]; see, also, CPLR art 30). Accordingly, we must look to decisional law to determine the effect of the omission. In this regard, claimants urge the case of Tomlinson Bros. v State of New York (15 AD2d 692) to be controlling. Therein, a claim against the Thruway Authority erroneously named the State of New York rather than the autonomous public corporation as the party defendant. However, since the claim had been properly served on the Thruway Authority, as well as on the Attorney-General, the court held that the authority had received adequate notice, that there was substantial compliance with the Court of Claims Act, and that the defect in the caption was a “mere nominal irregularity” which could be disregarded (Tomlinson Bros. v State of New York, supra, p 693; cf. King v Power Auth., 60 AD2d 925, 926). Defendant, however, argues Tomlinson to be inapposite, pointing out that therein the State of New York, “the Thruway’s sovereign superior” (see Tomlinson Bros. v State of New York, supra, p 693) was named and jurisdiction thereby conferred while, in the instant situation, the named employees were not the State’s superiors and, therefore, the nexus is not the same.
Leaving aside the distinction thus presented, the issue remains whether the failure to name the State in the caption is a jurisdictional defect. Generally speaking, it is the fact of proper service which confers jurisdiction (see Scruggs v International Invs., 74 Misc 2d 250, 252; see, also, Lehman v Mariano, 285 App Div 824, mots for lv to app and for rearg den 285 App Div 903; Matter of McLean, 203 Misc 353, affd 280 App Div 921). If service is proper the failure to name the intended defendant is disregarded. (See Leardon v Dart, 175 Misc 318; see, also, Stuyuesant v Weil, 167 NY 421; Gordon v Gordon, 17 Misc 2d 734; but see Rockefeller v Hein, 176 Misc 659). Pursuing this issue, we find the decision in Matter of Great Eastern Mall v Condon *1098 (36 NY2d 544) to be most closely on point with the instant circumstances.
Great Eastern (supra) involved a petition to review real property assessments wherein there exists a statutory requirement that the proceeding be brought against the assessors, either by naming them individually, or by using the “official name of the assessing unit” (Real Property Tax Law, § 704, subd 2). Neither the title of the assessing unit (therein the Town of Victor), nor the names of the three individual assessors appeared in the caption. The respondents contended that the failure to comply with the pleading requirements rendered the petition jurisdictionally defective. The Court of Appeals, while recognizing that the caption failed to name either of the parties required by statute, viewed this omission as a mere technical defect and rejected the respondents’ argument. Moreover, referring to the legal concepts that mere defects in pleadings should not defeat otherwise meritorious claims and that substance should be preferred over form, the court chose to adopt a “two-pronged test more consonant with modern rational thinking toward pleading and procedure” (Matter of Great Eastern Mall v Condon, supra, p 548). The test thus advanced was (p 548): “First, did the entity which is the actual respondent, if not the formally named respondent, receive adequate notice of the commencement of the proceeding? Second, would any substantial right of this entity be prejudiced by disregarding the defect or irregularity?”
In accordance with the rationale of the Great Eastern decision, we first find that the error in the caption herein was not a jurisdictional defect. Moreover, applying the test there advanced, we must conclude that the claim provided the State with adequate notice and that the defect did not cause any substantial prejudice. The notice of intention, which was timely filed and properly served on the Attorney-General, set forth the State of New York as a party defendant, and the original claim, while carrying a defective caption, was served on the Attorney-General and made reference to the notice of intention. The claim also stated that the named defendants were all “officers or employees of the State of New York”. It is not unreasonable to conclude that the service of said claim gave adequate notice to the State. Secondly, we do not perceive any prejudice which might have been occasioned by the misno *1099 mer, and defendant, the party with the burden of establishing prejudice, has not advanced proof of such. (See Foley v D'Agostino, 21 AD2d 60, 65; see, also, Blinder v State of New York, Ct of Claims, claim No. 61880, motion No. M20781, July 11, 1978, p 2, Rossetti, J.) In view of the foregoing, the defect in the caption will be disregarded (Matter of Great Eastern Mall v Condon, supra; Staheli v Aetna Ins. Co., 52 AD2d 754; see, also, CPLR 2001, 3026) and we consider the claim, as amended, to be properly before the court.
Beyond the objections regarding the caption, the State also asserts that the notice of intention was not sufficient to apprise it of the third cause of action contained in the claim. In this regard, the defendant alleges that the notice of intention only vaguely refers to one or more December, 1981 meetings, and that it fails to specify the slanderous statements purportedly made thereat. Accordingly, the State contends that the notice of intention cannot be considered as pertaining to the third cause of action, in which case there was no filing as to said action within the required 90 days.
Notably, in the instant situation we are not attempting to ascertain whether a notice of intention can be treated as a claim (cf. Kilbourne v State of New York, 111 Misc 2d 161, 164) as we have already determined that a claim was timely filed within one year of accrual. Here we need only determine whether a timely filed notice of intention complied with the statute (Court of Claims Act, § 11; see, also, Patterson v State of New York, 54 AD2d 147, 149, affd 45 NY2d 885) and sufficiently advised the State of claimants’ intention to file a claim based on the making of certain defamatory remarks, thereby extending the time for filing such claim to within one year of accrual (Court of Claims Act, § 10, subd 3; see, also, Trayer v State of New York, 90 AD2d 263, supra).
Although a claim, in order to properly state a cause of action for defamation, must set forth the alleged slanderous remarks in haec verba (see Kilbourne v State of New York, supra, pp 165-166; see, also, Gardner v Alexander Rent-A-Car, 28 AD2d 667; CPLR 3016, subd [a]), this requirement should not be engrafted onto a notice of intention. The purpose of a notice of intention is to provide the State with fair and timely notice by bringing the general *1100 nature of the claim to its attention (Hood v State of New York, 113 Misc 404). It need not state a cause of action (see De Hart v State of New York, 92 Misc 2d 631, 636; see, also, Davis v State of New York, 28 AD2d 609, 610), and it should not be scrutinized as strictly as a pleading. (Murray v State of New York, 202 App Div 597; see, also, Brooks v State of New York, Ct of Claims, claim No. 58813, motion No. M-17971, Jan. 9, 1976, pp 5-6, DeIorio, J.) Here, the notice of intention alleged that named State employees, in connection with a specified application to the Department of Health, made slanderous remarks concerning claimants at certain meetings held in New York City and Albany in or about December, 1981. Undeniably, these allegations were sufficient to apprise the State of such facts as would allow it to conduct a meaningful investigation relative to all three causes of action subsequently set forth in the claim and amended claim. (See Anrad Constr. Corp. v State of New York, 47 Misc 2d 998; Murray v State of New York, 202 App Div 597, supra; see, also, Heisler v State of New York, 78 AD2d 767.) Moreover, the failure of the notice of intention to indicate the exact date of the December, 1981 meeting is not fatal. (See, generally, Sheinbaum v State of New York, 101 Misc 2d 250, 252; Williams v State of New York, 77 Misc 2d 396; see, also, Conklin v State of New York, 46 AD2d 936, affd 38 NY2d 726.) The only potential prejudice to the State from this failure would be its inability to determine from the face of the notice whether it was filed within 90 days of the meeting. However, in the instant case the notice was filed on March 1, 1982, within 90 days of even the earliest date in December, 1981 (viz., Dec. 1). Hence, the State could conclude that the notice was timely as to every possible date in December (see, generally, Rizzo v State of New York, 202 Misc 439), and that it should not be disregarded. Under the circumstances, it is this court’s opinion that the notice of intention substantially complied with the controlling statute (see Barski v State of New York, 43 AD2d 767) and was sufficient to give the State notice of all three causes of action alleged in the claim and amended claim.
In view of all the foregoing, it is now ordered that defendant’s motion for dismissal is in all respects denied.