■ DAVID H. WHEELER, JR., Individually and as Parent and Natural Guardian of DAVID H. WHEELER, III, an Infant, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66585.) — In claims to recover damages, *inter alia,* for false arrest and intentional infliction of mental distress, claimant appeals from (1) an order of the Court of Claims (McCabe, J.), dated December 15, 1982, which granted defendant's motion to preclude claimant from offering any evidence in support of facts relating to particulars demanded by defendant in its demand for a bill of particulars dated May 13, 1982; (2) an order of the same court, dated March 16, 1983, which denied claimant's motion for leave to renew; and (3) an order of the same court, also dated March 16, 1983, which granted defendant's cross motion to dismiss all

claims, and denied claimant's motion for an extension of time to respond to the cross motion and for an order directing the release of psychiatric and clinical records of the claimant David H. Wheeler, Jr.

Order dated March 16, 1983, which denied claimant's motion for leave to renew, reversed, on the law and in the exercise of discretion, without costs or disbursements, motion to renew granted, and, upon renewal, order dated December 15, 1982 vacated, and defendant's motion to preclude denied, on condition that claimant's attorney personally pays $1,000 to the defendant and serves a verified bill of particulars. Claimant's attorney's time to comply with these conditions is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. If the conditions are not complied with, then order affirmed, without costs or disbursements.

Appeal from the order dated December 15, 1982 dismissed as academic, without costs or disbursements, in light of our determination with respect to the appeal from the order dated March 16, 1983, which denied claimant's motion for leave to renew.

Order dated March 16, 1983 which, *inter alia,* dismissed all claims, modified, on the law, by (1) deleting the provision which granted those branches of defendant's cross motion which sought dismissal of the first claim for false arrest, false imprisonment, assault and battery, and the third claim for malicious prosecution, and (2) deleting the provisions which denied those branches of claimant's motion which sought an extension of time to respond to the above-noted branches of the cross motion, and sought an order directing the release of claimant David H. Wheeler, Jr.'s psychiatric and clinical records, and substituting therefor a provision granting those branches of the motion. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Court of Claims for further proceedings consistent herewith.

Based upon a review of the entire record, we find that claimant has presented a reasonable excuse to justify vacating the order of preclusion (*Batista v St. Luke's Hosp.,* 46 AD2d 806; cf. *Schicchi v Green Constr. Corp.,* 100 AD2d 509; *Bailey v North Shore Univ. Hosp.,* 91 AD2d 967, affd 59 NY2d 748; *Hargett v Health & Hosps. Corp.,* 88 AD2d 633). Claimant's counsel avers that the preparation of the bill of particulars had been a time-consuming process due to the large number of people to be interviewed and the difficulty in obtaining certain medical records. Further, due to depressive illness corroborated by a physician, claimant David H. Wheeler, Jr., was unable to timely verify the bill of particulars. Moreover, the record is barren of any suggestion of prejudice to the State.

Nonetheless, while it is appropriate to vacate the default and permit the action to be determined on the merits, claimant's attorney should have moved for an extension of time. Therefore, the imposition of a sanction is warranted (*Batista v St. Luke's Hosp., supra;* cf. *Tehan v Tehan,* 97 AD2d 840; *Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837; *Mineroff v Macy's & Co.,* 97 AD2d 535). Accordingly, we have fixed an appropriate monetary penalty as a condition to the relief granted.

Turning to the other matters, we note that the claim asserted by claimant David H. Wheeler, Jr., for false arrest, false imprisonment, and assault and battery was not filed within one year of accrual, as required by CPLR 215, the governing Statute of Limitations for intentional torts (see Court of Claims Act, § 12, subd 2; *Trayer v State of New York,* 90 AD2d 263, 268; *Kilbourne v State of New York,* 111 Misc 2d 161 [Koreman, J.]; *Jastrzebski v City of New York,* 423 F Supp 669; but see *Wilson v State of New York,* 117 Misc 2d 608, 612). In response to the defendant's cross motion, however, evidence was presented that he suffers from "BiPolar Disorder", a manic-depressive illness. Accordingly, a toll may be available (see Court of Claims Act, § 10, subd 5; CPLR 208; *Young v State of New York,* 92 Misc 2d 795; *Gomillion v State of New York,* 51 Misc 2d 952), and claimant should have been granted an order directing release of David H. Wheeler, Jr.'s psychiatric and clinical records from the Dutchess County Department of Mental Hygiene, and an extension of time to respond to that branch of defendant's cross motion which sought dismissal of that claim.

For similar reasons, the claim for malicious prosecution should not have been dismissed. While the requisite notice of claim was not filed within 90 days of accrual of the cause of action (Court of Claims Act, § 10, subd 3), since it stems from the same occurrence as the other claims and defendant has not been prejudiced, the same toll may also be available (see *Mastandrea v State of New York,* 57 AD2d 679; *Budgar v State of New York,* 98 Misc 2d 588).

Finally, we note that the second and third claims for intentional infliction of emotional distress on the part of David H. Wheeler, Jr., and David H. Wheeler, III, were properly dismissed, as public policy prohibits recovery against the State on such claims (*De Lesline v State of New York,* 91 AD2d 785; *La Belle v County of St. Lawrence,* 85 AD2d 759) and the State is not subject to punitive damages (see *Sharapata v Town of Islip,* 56 NY2d 332).

We remit to the Court of Claims to determine when claimant must file his response to those branches of the cross motion

which sought dismissal of the first and fourth claims and for a new determination on those branches of the cross motion. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.