OPINION OF THE COURT
Harold E. Koreman, P. J.
On November 14, 1983 claimant filed with the court a document on a preprinted legal form, which form carried the following notation on the top thereof: "Notice of Claim against a Public Authority. Pursuant to § 50 General Municipal Law”. The paper was captioned "In the Matter of the Claim of eric erickson and ellen reitemeyer”. The body of the filed paper contains the following clause: "The undersigned therefore present this claim and demand $5,000,000.00 for adjustment and payment, and notify you that unless the same is adjusted and paid within the time provided by law from the date of its presentation to you, it is the intention of the undersigned to commence an action thereon”. Claimant argues that the clerk was in error in filing this paper as a "Notice of Intention”, contending that a reading of the caption and the form’s "Notice of Claim” label establishes that the document should have been filed as a "Claim” (see, Court of Claims Act § 11). Since claimants’ time to file a claim has expired they now request the court to deem the previously filed notice of intention to be a properly filed claim.
Unlike a "Claim” in the Court of Claims, service of a "Notice of Claim” under General Municipal law § 50-e does not commence an action. Rather, it is a demand for payment and a condition precedent to any action, and is intended to provide the municipality or public authority with early notice and an adequate opportunity to investigate (General Municipal Law § 50-e [1] [b]; § 50-i [1]; Matter of Annis v New York City Tr. Auth., 108 AD2d 643). The action is commenced by the subsequent service of the summons (CPLR 203 [b] [1]; 311), which is followed or accompanied by a complaint. By comparison, a "Notice of Intention” provided for by the Court of Claims Act § 11 is analogous to a General Municipal Law "Notice of Claim” in that it does not commence the action but rather provides the governmental entity with notice of the incident and indicates a future intention to sue (Petzold v State of New York, 202 Misc 255, 256; Schwartzberg v State of New York, 121 Misc 2d 1095, 1100, affd 98 AD2d 902; see also, Murray v State of New York, 202 App Div 597). However, a *609 notice of intention is not a condition precedent to the bringing of an action; its filing is permissive and merely serves to extend the time for filing a claim (Court of Claims Act § 10). Claimant, if he wishes, may file a claim in the first instance within the limitation periods set forth in the Court of Claims Act. In any event, an action in the Court of Claims may only be commenced with the proper filing and service of a "Claim”, which document is comparable to a CPLR "complaint” (see, Kilbourne v State of New York, 111 Misc 2d 161, 165-166).
In the present instance a reading of the document filed by claimant reveals that no formal title identifying the paper was placed next to the caption and no defendant was named in the caption. The preprinted label of "Notice of Claim” was made in reference to the provisions of the General Municipal Law and is not applicable here. Rather, what is important is that the body of the document contains the statement that unless the demand for payment is adjusted and paid it was the "intention of the undersigned to commence an action thereon”. Accordingly, the clerk was correct in deeming the document to be a "Notice of Intention” rather than an action-commencing "Claim”.
Despite the treatment accorded the notice of intention on its filing, the court may, under the proper circumstances, exercise its discretion and deem a notice of intention to be a claim, nunc pro tunc (Chalmers & Son v State of New York, 271 App Div 699, affd 297 NY 690). Upon a review of the merits of the present motion we find that such relief should be granted in this instance. Although the particulars of claimants’ cause of action could be more detailed, the filed paper does substantially comply with the requirements of a claim as set out in Court of Claims Act § 11 and includes a statement as to the time and place where the claim arose, the nature of the same, and the damages claimed (Trayer v State of New York, 90 AD2d 263, 269). The noted defects in the caption are not fatal (Schwartzberg v State of New York, 121 Misc 2d 1095, 1098-1099, affd 98 AD2d 902, supra). However, in order to assist the defendant in responding to the notice of intention now deemed a claim, claimants will be instructed to file an amended claim particularizing their cause of action in separately numbered paragraphs. Therefore, in accordance with the foregoing, it is now;
Ordered that claimants’ motion is granted, and the notice of intention filed on November 14, 1983 is deemed to be a claim, nunc pro tunc, and the clerk is instructed to note his records *610 accordingly and assign a claim number thereto, and it is further;
Ordered that the claimant file and serve an amended claim within 30 days of receipt of a copy of this order together with notice of entry, and the defendant shall have 40 days from receipt of the amended claim within which to answer.