◼ LIBERTY MUTUAL INSURANCE COMPANY, as Assignee of SHIRLEY J. PARK, Administratrix of the Estate of JAMES A. PARK, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent.—In a claim by a subrogee to recover damages for wrongful death, the defendant appeals and the claimant cross-appeals from an order of the Court of Claims (McCabe, J.), dated January 31, 1985, which construed the claimant's motion to convert its notice of intention to file

a claim into a claim as a motion requesting leave to file a late claim, and which granted said leave.

Order reversed, on the law, without costs or disbursements, and the claimant's motion requesting that its notice of intention to file a claim be treated as a claim granted.

After timely filing a notice of intention to file a claim, the claimant nevertheless failed to file its notice of claim within the two-year period prescribed by Court of Claims Act § 10 (2). Shortly after the expiration of the limitation period, the claimant made an application to the Court of Claims requesting that its notice of intent be treated as a notice of claim for the purposes of compliance with Court of Claims Act § 10 (2) *(see, Chalmers & Son v State of New York,* 271 App Div 699, *affd* 297 NY 690). The Court of Claims, although denying relief in the form requested by the claimant, construed the claimant's application as one requesting leave to file a late claim under Court of Claims Act § 10 (6). Concluding that the application was timely under that provision, the court granted claimant leave to file a late claim. Both the defendant and the claimant now appeal. The defendant argues that the court erred in concluding that the claim was not time barred, while the claimant, conceding the applicability of a two-year limitation period, argues that its notice of intent should have been converted to a notice of claim by the court under the authority of *Chalmers & Son v State of New York (supra).*

The Court of Claims erred in granting leave to file a late claim under the authority of Court of Claims Act § 10 (6), since the applicable limitations period, as both parties concede, had expired prior to the claimant's application *(see,* Court of Claims Act § 10 [2]; *cf. Aetna Cas. & Sur. Div. of Aetna Life & Cas. Co. v Sandy Hill Corp.,* 54 AD2d 222, 223; *Smith v State of New York,* 53 AD2d 756, 758). It has been held, however, that a notice of intention to file a claim may be treated as a claim when the notice meets the requirements set forth under the Court of Claims Act for the stating of claims *(see,* Court of Claims Act § 11; *Chalmers & Son v State of New York, supra; Heisler v State of New York,* 78 AD2d 767, 768; *Williams v State of New York,* 28 AD2d 1174; 19A Carmody-Wait 2d § 120.12, at 759; *cf. Patterson v State of New York,* 54 AD2d 147, 148, *affd* 45 NY2d 885). Although the defendant argues that the *Chalmers* case, which granted a motion to convert a notice of intent into a claim after the expiration of the then applicable limitations period, is "obsolete" and of "doubtful precedential value", we note that the doctrine has been consistently recognized in the Appellate Divisions, Third

and Fourth Departments *(see, e.g., Trayer v State of New York,* 90 AD2d 263; *Jackson v State of New York,* 85 AD2d 818; *Heisler v State of New York, supra; Matter of Welch v State of New York,* 71 AD2d 494; *Patterson v State of New York, supra; Barski v State of New York,* 43 AD2d 767, 768; *Williams v State of New York, supra).* Moreover, the Court of Appeals has made no directly authoritative or controlling statement which could be construed as expressing disapproval of the case and its holding. Therefore, the *Chalmers* case is still valid precedent.

Accordingly, we turn to the merits of the claimant's application and the question whether its notice of intent satisfies the criteria set forth in Court of Claims Act § 11. That section provides, in pertinent part, that "[t]he claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed". In construing the requirements of Court of Claims Act § 11 in such a context it has been stated that, "[w]hat is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required" *(Heisler v State of New York, supra,* p 767). We find that the notice of intention filed at bar sets forth the requisite information. The notice details the time and place that the claim arose, the manner in which the claim arose, the theory of negligence relied upon and the nature of the damage sustained. Although there is no statement of the total sum claimed, it has been held that the " 'sum claimed has no bearing upon the State's knowledge and investigation' " *(Barski v State of New York, supra,* pp 767-768; *see, Wilson v State of New York,* 117 Misc 2d 608, 612, citing *McCabe v State of New York,* 58 Misc 2d 823). In light of the foregoing, we conclude that the claimant's application should have been granted. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.